ROBERT MUGGE ET AL., PLAINTIFFS IN ERROR, v. ROBERT
A. JACKSON, SHERIFF OF HILLSBOROUGH COUNTY, FLOR-
IDA, DEFENDANT IN ERROR.

1.  Where the evidence is not such as would warrant a verdict
    for the plaintiff, an affirmative charge for the defendant
    cannot be held to be erroneous.

2.  A plaintiff in an action of replevin, brought by him against
    the sheriff to recover a general stock of merchandise
    the sheriff had previously seized under writs of attach-
    ment issued in favor of creditors of a fraudulent vendor,
    some portion of which had previously been conveyed to
    the plaintiff by said vendor, by a sale fraudulent in law
    as to creditors of said vendor, when it appears at the
    trial that the plaintiff has intermingled the goods orig-
    inally brought by him, with other goods subsequently
    furnished by himself, has the burden, upon the trial, of
    separating and identifying the original goods from those
    furnished by himself, and if he fails to do so, so that
    the jury may with reasonable certainty discriminate be-
    tween them, the whole stock is liable to the attachments,
    and under these circumstances he cannot complain of
    a charge which directed the jury to find from the evi-
    dence the value of said stock of general merchandise at
    the date of the levy of the writs of attachment.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*Lunsford & Dickenson,* for Plaintiffs in Error;

*Solon B. Turman* and *F. M. Simonton,* for Defendant in Error.

PER CURIAM: This cause has been before this court twice before, and our views of it, as it was made to appear in the record then before us, are to be found in Spencer, Sheriff, v. Mugge, 45 Fla. 585, 34 South. Rep. 271, and Mugge v. Jackson, Sheriff, 50 Fla. 235, 39 South. Rep. 157.

Spencer, the Sheriff of Hillsborough County, when the case was first brought here, died, and Jackson, his successor in office, was substituted for him. We have read this record carefully, and do not think there is any substantial difference between the facts now presented, and the facts as they are stated in the case of Spencer, Sheriff, v. Mugge, *supra.* There is nothing to be gained by repeating them here. There was some effort made in this case by Mr. Mugge to vary the import of his sworn testimony given in the former case. There is some effort made to show that the stock of merchandise inventoried at $4,000.00, was not worth more than $1,170.00, which was the sum which Mugge agreed with May he would take from May and return the stock of goods. But this evidence is of the most indefinite and uncertain character, and amounted to nothing more than guess work. No witness goes over the inventory and undertakes to give the values by items. And then again other witnesses place the value at $4,000.00 or over. There is nothing definite and certain in the attack made on the values given in the inventory, and nothing definite and certain upon which they could have found them of less value. We have taken the figures given by Mugge of the receipts from the store, and the price of the goods furnished the store, and are unable to reach the conclusion which he reaches. Under these cir-

cumstances we are unable to see how any other reasonable conclusion could have been reached than that the sale was fraudulent and void as to creditors.

The court gave the following peremptory charge for the defendant below, who is the defendant in error here, *viz*: "The undisputed facts of this case as shown by the testimony of the plaintiff himself being that he purchased the stock of general merchandise from May with knowledge that May was in failing circumstances, and with an agreement to retransfer the stock to May upon payment to him, Mugge of the sum of $1,170.25, the sale was in law a fraud upon May's other creditors."

In view of the facts of this case as we see them this charge does not conflict with the rulings of this court in Rogers v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878, or in other cases where it discusses the propriety of peremptory charges.

The court gave two other charges which are assigned as error, *viz*.: "And it being further shown in evidence without dispute that the attaching creditors of May under whose attachments the goods were seized by the sheriff reduced their claims to judgment, and that said judgments with lawful interest thereon now amount to the sum of $4,963.78, you are therefore instructed to find that the defendant has a special interest in said general stock of merchandise to that amount."

"And you are further instructed to find from the evidence the value of the said stock of general merchandise at the date of the levy of the writs of attachment, to wit: Dec. 13th, 1897, and to find as damages interest on said value at 8 per cent per annum to the present day."

It is contended that these charges were erroneous because it is shown by the evidence that only a small

part of the original stock sold by May to Mugge was then on hand, and that the bulk of it had been sold by Mugge, and the substituted goods were not subject to attachment. The authorities cited are Mayer v. Wilkins, 37 Fla. 244, 19 South. Rep. 632; Post v. Bird, 28 Fla. 1, 9 South. Rep. 888. We recognize the authority of those cases, but under the facts of this case we do not see how they establish any error in the charges of the court. These cases establish the law that "in case of a fraudulent mixture of goods and they are capable of identification and separation, it devolves upon the party whose wrongful act caused the confusion to separate and identify them, and if this cannot be done, and the other party's rights be incapable otherwise of complete protection, the loss must fall upon the one fraudulently mixing the goods."

In this case, when the goods were seized by the sheriff in December, 1897, Mugge had been in possession and control of them for some time. Doubtless some of the original stock had been sold and other goods placed in the stock. As to the proportion of old and new stock there was no evidence except the opinions of witnesses formed from a mere casual inspection of the stock. These opinions varied considerably. No witness goes over the inventory and points out and discriminates the old from the new stock by items. The burden of proof to identify and separate the goods was upon Mugge, and this was not done, so as to enable the jury to determine with anything like accuracy what part of the goods was of the original stock. Under these circumstances we do not think the foregoing charges of the judge can be held to be erroneous, for error must be plainly made to appear.

In view of the foregoing, it is unnecessary to examine into the other assignments of error.

The judgment of the circuit court is affirmed, at the cost of the plaintiffs in error.

TAYLOR, HOCKER and PARKHILL, JJ., concur;

COCKRELL and WHITFIELD, JJ., concur in the opinion;

SHACKLEFORD, C. J., disqualified.