W. L. TEDDER, *Plaintiff in Error,* v. FRALEIGH-LINES-SMITH COMPANY, A CORPORATION, *Defendant in Error.*

PLEADING AND PRACTICE—ALTERATION OF INSTRUMENT SUED ON MUST BE SPECIALLY PLEADED—EVIDENCE—ERRORS MUST BE PLAINLY MADE TO APPEAR—PEREMPTORY CHARGE TO JURY.

1. Under the provisions of Rules 66 and 67 governing the practice in the circuit courts in common-law actions, and of section 1465, General Statutes of 1906, an alleged *alteration* in a promissory note or other instrument sued upon must be *specially* pleaded.

2. Under a plea of *non est factum*, or under a general plea simply denying *in toto* the execution, making and delivery of the instrument sued upon, an alleged *alteration in* such instrument that has the effect of avoiding it cannot be shown or proven. In order to prove such alleged *alteration* it must be specially alleged by plea.

3. Where error is predicated upon the court's refusal to permit the filing of an amended or additional plea, the proffered plea so excluded must be properly exhibited to the appellate court in the transcript of record, otherwise its exclusion by the trial court will be presumed to have been proper.

4. Where the evidence fully makes out the plaintiff's case, and there is no evidence to contradict or rebut it, a peremptory charge for a verdict in the plaintiff's favor is proper.

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwanee County.

The facts in the case are stated in the opinion of the court.

*Ira J. Carter* and *J. B. Johnson,* for plaintiff in error;

*Hardee & Butler,* for defendant in error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, sued the plaintiff in error, hereinafter referred to as the defendant, in assumpsit in the circuit court of Suwanee county upon a promissory note and recovered judgment from which the defendant below takes writ of error.

To the declaration the defendant filed the three following pleas in substance:

1st.   That he denies that he made, executed and delivered the note sued upon on the date as alleged or at any other time.

2nd.   That the pretended note sued on in this cause is not his note.

3rd. That he neither signed or delivered, nor did he authorize the signing or delivery of the pretended note sued on herein.

After the note sued upon had been introduced in evidence and the signature of the defendant thereto duly proven and that the same was due and unpaid, the defendant as a witness on his own behalf offered to testify that at the time of the signing and making by him of the note sued on the same stipulated for the payment of interest after *maturity*, the note being payable six months after its date, but that subsequently to its making by him, and without his knowledge or consent, the word *"maturity"* was unauthorizedly erased from said note and the word *"date"* substituted therefor in writing, which alteration made the note stipulate for interest after date instead of after maturity, and which unauthorized alteration avoided the note.

This evidence was excluded by the court on objection by the plaintiff and such ruling is assigned as error.

There was no error in such ruling. Rules 66 and 67 governing the practice in the circuit courts in common law actions provide as follows:

"66. In every species of actions on contract, all matters in confession and avoidance, including not only those by way of discharge, but those which show the transaction to be either void or voidable in point of law, on the ground of fraud or otherwise, shall be specially pleaded.

"67. In actions on specialties and covenants the plea of *non est factum* shall operate as a denial of the execution of the deed in point of fact only, and all other defences shall be specially pleaded, including matters which make the deed absolutely void, as well as those which make it voidable." And section 1465 of the General Statutes of 1906, provides that:

"All bonds, notes, covenants, deeds, bills of exchange,

and other instruments of writing not under seal, shall have the same force and effect, so far as the rules of pleading and evidence are concerned, as bonds and instruments under seal."

Under these rules if there was in fact an alteration of the instrument sued upon that had the effect of avoiding it, such fact should have been urged by a special plea, and could not be shown or proven under a general plea simply denying the execution, making and delivery of the note sued on *in toto*.

To have permitted such proofs under the general pleas filed by the defendant would have been to unfairly take the plaintiff by surprise with a defense not hinted at or fore-shadowed by any plea in the cause. The proffered testimony was as a matter of fact contradictory to the defendant's pleas. In these pleas he denies generally ever having made any such note, but on the stand as a witness he offers to say it is true I did make the note sued on but it has been altered by the erasure of one word therein and the substitution in its stead of another word, since I made it. There was no issue in the case to which such evidence was pertinent or relevant and it was, therefore, properly excluded by the court.

In the bill of exceptions it is stated that after the jury were empanelled and sworn and after the testimony had been gone into the defendant moved to be allowed to amend his plea, which motion was denied, and this ruling is assigned as error.

The record before us does not exhibit the proffered amendment to the plea, this court cannot, therefore, determine whether or not the court below erred in refusing to allow it to be made, and must, therefore, presume that the court's ruling was proper.

The court, at the conclusion of the evidence, instructed the jury peremptorily to return a verdict for the plaintiff,

and this ruling is assigned as error. There was no error here. The testimony fully made out the plaintiff's case, and there was no evidence to contradict or rebut it, and there was nothing left for the jury to do but to return a verdict for the full amount of the plaintiff's claim.

It follows from what has been said that there was no error in the denial of the defendant's motion for new trial, nor in the rendition of final judgment in the plaintiff's favor.

The judgment of the circuit court in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL, J., concur in the opinion.