ALICE GORDON, *et al., Plaintiffs in Error,* v. MARTHA LOWE, *et al., Defendants in Error.*

1. When the death of a sole plaintiff is suggested on the record and his heirs are by order of the court under the statute substituted as plaintiffs in his stead, such substitution sufficiently adjudicates the death of the original plaintiff for the purposes of the case.

2. Oral testimony that a deed of conveyance was reported to have been made is incompetent to show title.

3.  In an action of ejectment where there is no evidence on which a verdict may lawfully be found for the defendants, and the title of the plaintiff appears, a verdict for the plaintiff may be directed.

Appealed from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*J. W. Kehoe, T. F. West,* and *Emmett Wilson,* for Plaintiffs *in Error;*

*J. T. Wiggins,* for Defendants in Error.

WHITFIELD, C. J.—In an action of ejectment the plaintiffs recovered judgment and the defendants took writ of error. The plaintiffs claimed as the heirs of the patentee of the land from the United States. It is contended that the proofs do not show the death of the patentee. The action was begun by William Wiggins, the patentee, as sole plaintiff. Subsequently his death was suggested and his heirs were substituted as plaintiffs in his stead as provided by the statute. No contest was made as the statute contemplates, and the order adjudging the death of the sole plaintiff and substituting his heirs as his legal representatives was duly made upon proper notice. This sufficiently adjudicates the death of the original plaintiff for the purposes of this proceeding.

The defendants claimed a conveyance had been made by the patentee to their ancestor, but no proper evidence of such conveyance was offered. Oral testimony that a deed of conveyance was reported to have been made is incompetent to show title. See Harris v. Butler, 52 Fla.

253, 42 South. Rep. 186. No title in the defendants by adverse possession was shown, and the legal title of the plaintiffs as the heirs of the patentee properly prevailed. There was no error in directing a verdict for the plaintiffs since there was no evidence upon which a verdict could lawfully have been rendered for the defendants. Tedder v. Fraleigh-Lines-Smith Co., 55 Fla. 496, 46 South. Rep. 419.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.