FRANK STONE AS ADMINISTRATOR OF THE ESTATE OF JOHN STONE, DECEASED, *Plaintiff in Error*, v. CITIZENS STATE BANK, A CORPORATION, *Defendant in Error*.

1. Where a person dies intestate, the inheritance of his property is regulated by the statutes of descent. A sister of such intestate may or not be one of his heirs at law. In the absence of any showing to the effect that such sister is one of the heirs at law, or is interested in the result of an action at law between the administrator of the estate of such intestate and a third party, such sister is not disqualified from testifying as a witness, under the provisions of section 1505 of the General Statutes of 1906, concerning transactions and conversations between her and the intestate.

2. Where the evidence is not such as would warrant a ver-

dict for the plaintiff, an affirmative charge for the defendant cannot be held to be erroneous.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error brought an action against the defendant in error to recover the sum of $835.00, alleged to have been deposited with the defendant by John Stone, the intestate in his lifetime and never drawn out by him. Three pleas are filed, to which the plaintiff filed special replications, upon which the defendant joined issue and the case went to trial before a jury, which resulted in a verdict and judgment in favor of the defendant. It is unnecessary to set forth any of the pleadings, since no point is made thereon. The defense relied upon was that John Stone for sometime prior to his death was in bad health and unable to attend personally to his own business affairs, and that his business with the defendant was transacted by and through the assistance of others, whom he selected himself, and that the agent so selected by him a short time prior to his death was his sister, Mrs. Thomas Carpenter, who, acting for the intestate as his agent, at his request, from time to time, drew checks and drafts upon the defendant in the name of the intestate, prior to his death, until the entire sum of $835.00 deposited with the defendant had been drawn out. At the close of all the evidence, the

trial court directed the jury to return a verdict in favor of the defendant, which was done.

Several errors are assigned, but practically the only point presented to us for determination is as to whether or not the authority of Mrs. Carpenter to draw out the money upon checks and drafts in the name of the intestate signed thereto by her was established by competent evidence. There is really no serious dispute as to the other matters set up as a defense. It is earnestly contended that neither Mrs. Carpenter, the sister of the intestate, nor her husband, with whom the intestate lived for some weeks prior to his death, were competent witnesses under Section 1505 of the General Statutes of 1906, by reason of their interest in the result of the action, as to any transaction or communication between them and the intestate. It is apparent that Mrs. Carpenter and her husband are not parties to the action. The evidence utterly fails to show who are the heirs at law of John Stone, whether or not he was married or left a widow or children surviving him, or whether or not his father survived him. It does appear that his mother, two sisters and a brother survived him. Having died intestate, the inheritance of his property is regulated by our statutes of descent. There is no evidence that Mrs. Carpenter is interested in the result of the action in any way. The mere fact that she was a sister of the intestate of itself is not sufficient to disqualify her under the statute cited from testifying as a witness concerning transactions and communications between her and the intestate. This being true, all the assignments must, necessarily, fail, and, as no other verdict could have been rendered upon the testimony adduced, the trial court properly directed the jury to return a verdict in favor of the defendant. See Mugge v. Jackson, 53 Fla. 323, 43 South. Rep. 91.

Judgment affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.