WILSON-OTWELL AND CONE, INCORPORATED, A CORPORATION, *Plaintiff in Error*, v. N. T. RITCH AND J. W. ALVAREZ, *Defendants in Error.*

Division B.

Opinion Filed April 2, 1927.

Petition for Rehearing Denied May 2, 1927.

1. When the defendants took an assignment of the contract with the consent of the plaintiff and in consideration of such consent by the plaintiff agreed to pay the balance due for the property which defendants acquired by reason

of the transfer of the contract, this became the promise of the defendant to pay an obligation of the defendant and was not a promise, contract or guarantee to become bound for or to pay the debt of another.

2. The contract objected to appears to have been admissible upon the theory that it contained a written admission of the defendant, Wilson-Otwell and Cone, Incorporated, of its liability to pay the obligation to the plaintiffs which had been originally evidenced by certain notes executed by Beem. and since this legitimate inference can be drawn from the contents of this contract it was admissible for that purpose.

3. A party in moving for a directed verdict in his or its favor admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.

4. A verdict on the evidence may be directed for one party only when the evidence would not be legally sufficient to sustain a verdict for the opposite party; a new trial may be granted on the evidence when in the opinion of the Court the verdict is contrary to the manifest probative force of the evidence and the justice of the cause.

5. Evidence which is improperly admitted and which might mislead the jury, on proper and timely motion, should be stricken. It appears to us that the evidence of Mr. Wilson which was stricken was not responsive to the issues and could only have served to mislead the jury.

A Writ of Error to the Circuit Court for Bradford County; A. V. Long, Judge.

Affirmed.

*Sabel & Reinstine* and *E. M. Johns,* for Plaintiff in Error;

*J. L. Frazee,* for Defendants in Error.

BUFORD, J.—In this case the defendants in error brought suit against the plaintiff in error and one A. M. Beem. A declaration was filed to which demurrer was sustained and an amended declaration was then filed, in the following language:

"N. T. Ritch and J. W. Alvarez, of the County of Bradford, State of Florida, by J. L. Frazee, their attorney, sue Wilson-Otwell and Cone, Incorporated, a Corporation, and A. M. Beem.

For that by a certain contract duly made and executed under seal on the 12th day of April, A. D. 1922, between Annie W. Sapp and John P. Sapp, her husband (for the use and benefit of N. T. Ritch) and J. W. Alvarez, in his own behalf, of the first part, and A. M. Beem of the second part, and his assigns; the said Annie W. Sapp and John P. Sapp, her husband (for the use and benefit of N. T. Ritch) and J. W. Alvarez, in his own behalf, did grant, bargain, sell, transfer and deliver to the Defendant A. M. Beem, his executors, administrators and assigns certain dead wood and standing timber, then and there being upon lands described in the said contract, for which wood and timber the Defendant A. M. Beem covenanted and promised to pay to the plaintiffs during and within three years from and after the said 12th day of April, A. D. 1922, the sum of $28,000 at the Bradford County Bank in Starke, Bradford County, Florida; with interest thereon at the rate of 7 per centum per annum from date of said contract until paid; and after the execution and delivery of said contract and while the same was in full force and effect to-wit: On the 5th day of March, A. D. 1923, by a contract under seal, duly made and executed by and between the Defendant A. M. Beem and the Defendant Wilson-Otwell and Cone, Incorporated, a Corporation, the Defendant A. M. Beem did for a valuable consideration, sell, assign, transfer and

set over to the Defendant Wilson-Otwell and Cone, Incorporated, all his right, title and interest in and to all of the said wood and timber, and also did sell, assign, transfer and set over to the said Wilson-Otwell and Cone, Incorporated, all his right, title and interest, claims, remides, equities, choses in action and liens in and to the said property of any and every kind and nature whatsoever, including specifically that certain contract made and entered into on the 12th day of April, A. D. 1922, between Annie W. Sapp and John P. Sapp, her husband, and J. W. Alvarez, parties of the first part, and A. M. Beem, party of the second part, being the same contract above referred to wherein and whereby the Defendant A. M. Beem covenanted and promised to pay to the plaintiffs the sum of $28,000, and said sale, transfer and assignment to the Defendant Wilson-Otwell and Cone, Incorporated, was made with the knowledge and consent of the plaintiffs, and in further consideration of the promise then and there made to the plaintiff by the said Defendant Wilson-Otwell and Cone, Incorporated, to pay to the plaintiffs all sums of money due or to become due to the plaintiffs under said contract, and the Defendant Wilson-Otwell and Cone, Incorporated, entered into and took possession of the wood and timber mentioned in said contract and of all the right, title and interest, claims, benefits and demands of the Defendant A. M. Beem under said contract, but the defendants did not pay to the plaintiffs the sums of money covenanted and promised to be paid as they covenanted and promised with interest thereon, except the sum of $14,000 and interest thereon, and there remains due, payable and unpaid upon said covenant and promise the sum of $14,000 together with interest thereon at the rate of 7 per centum per annum from April 12, 1922, until paid, and plaintiffs CLAIM THIRTY THOUSAND DOLLARS DAMAGES.''

It appears that no service was had upon Beem and that the case proceeded against the plaintiffs in error. Demurrer was filed and overruled, motion to strike was filed and denied. Trial was had and resulted in judgment for the plaintiffs, from which judgment writ of error was taken. There were thirteen (13) assignments of error.

The 1st assignment of error is addressed to the ruling of the Court on the demurrer to the amended declaration.

The 2nd assignment of error is addressed to the ruling of the Court in denying defendant's motion to strike the amended declaration.

We may dispose of these two assignments of error by saying that it is our opinion that the declaration states a cause of action.

The 3rd assignment of error is addressed to the ruling of the Court in permitting the witness Beem to answer certain questions in regard to the promise of the defendants referred to in the declaration. When the defendants took an assignment of the contract with the consent of the plaintiff and in consideration of such consent by the plaintiff agreed to pay the balance due for the property which defendants acquired by reason of the transfer of the contract this became the promise of the defendant to pay an obligtaion of the defendant and was not a promise, contract or guarantee to become bound for or to pay the debt of another. Therefore, the evidence was admissible.

A like contention is raised by the 4th assignment of error and upon the same reason is held to be of no avail.

The 5th assignment of error is based upon objections to questions propounded to N. T. Ritch by the defendant with reference to the original contract having been made by Annie W. Sapp and John P. Sapp for the benefit of Ritch. The relevance of this question is not made to appear and the objection appears to have been properly sustained.

The 6th assignment of error is addressed to the ruling of the Court in admitting in evidence the contract between Annie W. Sapp, John P. Sapp by N. T. Ritch, their attorney in fact, J. W. Alvarez, T. J. Knabb and Wilson-Otwell and Cone, Incorporated, over stated objections made by the defendant. The contract appears to have been admissible upon the theory that it contained a written admission of the defendant Wilson-Otwell and Cone, Incorporated, of its liability to pay the obligation to the plaintiffs which had been originally evidenced by certain notes executed by Beem and since this legitimate inference can be drawn from the contents of this contract it was admissible for that purpose.

The 7th assignment of error is addressed to the action of the Court in denying defendant's motion at the close of plaintiff's testimony for a directed verdict. "A party in moving for a directed verdict in his or its favor admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Gunn v. Jacksonville, 67 Fla. 46, 64 Sou. 435; Anderson v. Sou. Cotton Oil Co., 73 Fla. 432, 74 Sou. 975. "A verdict on the evidence may be directed for one party only when the evidence would not be legally sufficient to sustain a verdict for the opposite party; a new trial may be granted on the evidence when in the opinion of the Court the verdict is contrary to the manifest probative force of the evidence and the justice of the cause." Anderson v. A. C. L. R. Co., 68 Fla. 196, 67 Sou. 44; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. 866; Bayshore D. Co. v. Bond Foey, 75 Fla. 455, 78 Sou. 507.

The 8th and 9th assignments of error are addressed to the ruling of the Court in striking certain testimony given by Mr. Wilson with reference to not endorsing the notes re-

ferred to as the A. M. Beam notes and which notes it appears Mr. Beem had given as evidence of his indebtedness when he made the original contract with the plaintiff. Evidence which is improperly admitted and which might mislead the jury, on proper and timely motion, should be stricken. It appears to us that the evidence of Mr. Wilson which was stricken was not responsive to the issues and could only have served to mislead the jury.

The 10th assignment of error is based upon the action of the Court in granting plaintiff's motion for an instructed verdict and as we find nothing in the record which would have supported a verdict in favor of the defendant, it was not harmful error for the Court to instruct the jury to return a verdict in favor of the plaintiff.

We find no error pointed out under the three remaining assignments of error and as a discussion of these would only involve a repetition of what has already been said, it is not needful to discuss them further. We find no reversible error appearing in the record and therefore, the judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.