STANDARD ACCIDENT INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. COMMERCIAL BANK & TRUST CO., A CORPORATION, *Defendant in Error.*

Division B.

Opinion Filed April 15, 1927.

1. Where the plaintiff fully makes out his case by the proofs and the defendant wholly fails to meet the burden of proof to sustain the defense pleaded, a peremptory charge to find for plaintiff is proper, and should be given if requested.

A Writ of Error to the Circuit Court for Dade County; A. J. Rose, Judge.

Affirmed.

*McCaskill & McCaskill,* for Plaintiff in Error;

*Burwell & Dewberry,* for Defendant in Error.

PER CURIAM.—The defendant in error was plaintiff in the Court below and brought suit against the plaintiff in error on an insurance policy issued to one B. C. Harbin wherein the said Harbin was insured against loss by robbery; and which policy was alleged to have been assigned for value to the plaintiff.

After demurrer to declaration had been overruled pleas were filed and trial had.

The Court instructed the jury to return a verdict in favor of the plaintiff.

There were six (6) assignments of error, as follows:

"1. The Court erred in not admitting in evidence the affidavit, warrant based upon the affidavit, commitment to the Criminal Court of Record and information filed by the

County Solicitor of Dade County, which affidavit, warrant and commitment issued out of the Justice of the Peace Court for Dade County, Florida, offered in evidence by defendant and which charged Paul Mullins with robbery.

2.  The Court erred in not admitting in evidence the information of the County Solicitor of Dade County, Florida, for the Criminal Court of Record for Dade County, Florida, offered in evidence by the defendant showing an information against Paul Mullins for robbery.

3.  The Court erred in directing a verdict in behalf of plaintiff.

4.  The Court erred in not submitting said cause to a jury for finding, there being evidence as to which jury could have found in behalf of the defendant.

5.  The Court erred in refusing to give to the jury special instructions numbered 1, 2 and 3, respectively.

6.  The Court erred in overruling the defendant's motion to set aside the verdict, and grant a new trial herein.''

After careful consideration of the record, we are of the opinion that no reversible error occurred in the trial and proceedings.    Section 2696, Revised General Statutes of Florida, provides as follows:

''Upon the trial of all cases at law in the several courts of this State, the Judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause.    If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the Judge of the Circuit Court, County Court or Court of Record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the Judge may then direct the jury to find a verdict for the defendant, and if, after all the evidence of all the parties shall have been submitted, it be apparent to the

Judge of the Circuit Court or County Court or Court of Record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the Judge may direct the jury to find a verdict for the opposite party.''

The well settled rule in this State is that, ''Where the plaintiff fully makes out his case by the proofs and the defendant wholly fails to meet the burden of proof to sustain the defense pleaded, a peremptory charge to find for the plaintiff is proper, and should be given if requested.'' Tedder v. Fraleigh Lyons Smith Co., 55 Fla. 496; 46 Sou. 419; Mose v. Carson, 73 Fla. 504; 74 Sou. 509; Campbell v. McLaurin Investment Co., 74 Fla. 50; 77 Sou. 277.

Applying the provision of the statute above quoted and the rule of law, as above stated, to the facts as disclosed by the record of this case, the judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.