C. A. BRIGGS, *Plaintiff in Error,* v. C. A. MANN, *Defendant in Error.*

Opinion Filed January 10, 1928.

*Shutts & Bowen, John S. Benz* and *Sherman Minton,* for Plaintiff in Error;

No appearance for Defendant in Error.

ADAMS, Circuit Judge:

The above cause comes to this Court on writ of error from the Dade County Circuit Court as a result of a disagreement between above named litigants as to the purchase and sale of an automobile. The conclusion is reached from the record that the gentlemen were well-to-do residents of some of our Northern States who sought to escape the arctic weather of their home country by coming to Florida and enjoying its salubrious climate during the winter season. It is also concluded, that, after arriving at Miami, where, because of its balmy breezes, it is euphoniously stated that "it is June in January," Mr. Briggs found himself afoot, so to speak, and without his own means of conveyance wherewith he might travel around and see more

of the beauties of Florida. He needed an automobile for that purpose, and purchased one from Mr. Mann for $1,850, with the agreement that on April 1st, following, Mr. Mann could repurchase it for $1,000. Mr. Mann gave his check for $100 to Mr. Briggs as a sort of a binder on the repurchase agreement. April first rolled around and Mr. Mann broached the subject of the repurchase of the car at the agreed price of $1,000, but Mr. Briggs suggested that $1,500 would be more appropriate. This suggestion did not meet with any enthusiasm on the part of Mr. Mann, and suit was instituted by him against Mr. Briggs and the matter given into the hands of the court for adjudication.

Two witnesses testified in the trial of the cause. Mr. Mann testified that the car was a 1923 model three 61 Cadillac; that its value on the date he sold it to Mr. Briggs, to wit, January 10th, 1924, was $2,500; that between that date and April 1st, 1924, the date for the repurchase, it would depreciate six or seven hundred dollars ''providing it was in good condition''; that its market value around April 1st, 1924, would be ''around nineteen hundred to two thousand dollars.''

Mr. Darby testified that on April 1st, 1924, the fair market value of the car was ''about one thousand dollars; that the car had braided mohair trimmings like that used in Pullman cars, but that it had been damaged, and that he saw the car around April 1st and that the door handles were off and the exterior and interior looked like they had had poor care.'' He was also asked, ''What was the ordinary depreciation and market value of that car on April 1st, 1924, to which he replied, ''Well, the market value that way, when you take the market value you have to take what it sold for. Selling it for eighteen hundred and fifty dollars, the market value should be around a thousand dollars.'' There was also a paper writing filed in evidence

purporting to be a purchase and sale agreement when Briggs bought the car from Mann, but in its status as shown by the record, it is unimportant in a consideration of the issues here.

At the conclusion of all the testimony the plaintiff made the following motion for a directed verdict for the plaintiff, as follows:

"That there is no dispute in the testimony as to the following facts: That the plaintiff sold to the defendant the automobile which at first it was agreed was worth $2,500, and the sale was made for $1,850 and at the same time the defendant agreed to re-sell the said automobile to the plaintiff for $1,000 on or before April 1st, 1924, and that at the time the plaintiff paid to defendant the sum of $100 to bind that bargain, and if the plaintiff is entitled to recover no more, he is entitled to recover the difference between the agreed valuation of the automobile and the amount it was actually sold for plus the sum the plaintiff paid to defendant on account of that purchase, and there being no dispute in the testimony as to the facts, the plaintiff moves the court for a directed verdict, and that the verdict be for the sum of $750 plus interest from April 1st, 1924, at the legal rate."

The motion was granted, and verdict rendered as moved for, and judgment entered thereon.

The motion assumed, and the court did also apparently, that there was no conflict in the testimony as to the value of the car. Mann testified the market value of the car on April 1st, 1924, was about nineteen hundred to two thousand dollars, and that the depreciation was between six and seven hundred dollars. Darby testified that the market value on above date was around a thousand dollars, and apparently that the depreciation was around $750, the difference between the value he fixed on it, and the amount

it sold for, viz, $1,850. If there is not conflict in their testimony as to the value of this car, then our eyes deceive us in the reading of the testimony. Where there is a conflict in testimony on which reasonable men could disagree, motion for directed verdict should be overruled.

"A party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Stevens v. Tampa Elec. Co., 88 So. 303.

"If reasonable men may differ as to the existence of facts establishing an ultimate fact, or as to inferences to be drawn from conceded facts, the case should be submitted to the jury." Haile v. Mason Hotel, 71 Fla. 469.

The measure of damages presented by the motion was the difference between the value of the car on January 10th, 1924, to wit, $2,500, and the sum of $1,850 which it sold for, plus the $100 Mann had paid Briggs as a binder. On that basis the amount would be $750, for which verdict was directed. In accepting the above as the proper measure of damages we think our learned Brother, the trial Judge, committed error.

In cases of this kind the generally supported rule as to the measure of damages is as follows:

"Where the breach consists in the failure of the seller to deliver the goods, the measure of damages is ordinarily the difference between the contract price and the market price of the goods at the time and place of delivery." 35 Cyc. 633.

In support of the above rule the above authority furnishes citations from the Appellate Courts of thirty-one different States, and also supporting decisions of the Supreme Court of the United States.

The generally supported rule as to evidence in cases like this is:

"In an action by the buyer, there must be sufficient evidence of the damages sustained by him consequent on nondelivery. The evidence of such damages must, ordinarily, show the difference between the contract price and the market price at the time when and the place where the delivery was to be made under the contract." 11 Cyc. of Evidence, 603; Roberts v. Benjamin, 124 U. S. 64.

There are two peculiar situations presented by the record which attracted our attention, viz, the declaration alleges Mann sold the car to Briggs for $1,800, and the evidence shows he sold it for $1,850. Damages were sought "to the extent of the difference in the value of said automobile, now the sum of nineteen hundred dollars, and the balance of said purchase price, to wit, nine hundred dollars," whereas, verdict was directed for the difference between $1,850, the sale price, and $2,500, the alleged value, plus the $100 binder paid. The declaration alleges the car sold for one price, the evidence shows another. Damages were sought on one basis, and verdict was directed on a basis entirely at variance therewith.

Five assignments of error were presented. The real question at issue here can be adjudicated by a decision on the third assignment. "The court erred in granting plaintiff's motion for a directed verdict at the close of all the testimony." The other assignments present questions subordinate to that presented by the quoted assignment.

Because of the error above pointed out, the judgment of the lower court is reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court

as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby, reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN, AND BUFORD, J. J., concur.