MIAMI MEMORIAL ASSOCIATION, a corporation, *Plaintiff in Error,* v. A. B. LEHMAN, *Defendant in Error.*

Division A.

Opinion filed April 13, 1929.

534

*Loftin, Stokes & Calkins* for Plaintiff in Error;

*Shipp, Evans & Kline,* for Defendant in Error.

ELLIS, J.—A. B. Lehman sued the Miami Memorial Association, a corporation, upon a contract for his employment as a lecturer on the subject of salesmanship. He alleges that he was engaged by the defendant corporation which agreed to pay him $1,000.00 per week for daily lectures at its sales school; that he rendered the service for one week and the defendant refused to pay him.

There is a common count in the declaration for work done and services rendered.

The pleas to the first count were the general issue; a denial that the plaintiff performed the services and that the services so performed were accepted; that the plaintiff breached his contract by abandoning the defendant's employment and refusing to perform his duties under it. As to the second count the plea of the general issue was interposed.

Additional pleas were filed of which the third set up a different contract from the one declared upon under which the plaintiff was to receive a salary of $1,000.00 per week and averred that plaintiff failed to discharge his duties thereunder which necessitated the employment of another to render a portion of the service which plaintiff should have performed at a cost to the defendant of $400.00, which it was willing to set off against the plaintiff's claim. The fourth plea set up a different contract under which plaintiff was to have been paid only if his services were satisfactory to the defendant and averred that the plaintiff's services were not satisfactory to the defendant. Issue was joined upon the pleas and the parties went to trial.

There was a verdict for plaintiff in the sum of $680.00 and judgment was entered thereon. The court instructed a verdict for the plaintiff in the sum of $600.00.

The issues presented by the pleadings were whether the plaintiff was employed by the defendant at a salary of

$1,000.00 per week to make daily lectures upon the subject of salesmanship at the defendant's sales rooms and whether he performed that service for one week; whether under the contract existing between the plaintiff and defendant the latter was entitled to a credit of $400.00 upon the agreed salary of $1,000.00; whether the plaintiff performed his services in a manner acceptable to the defendant, and whether the plaintiff rendered services to the defendant and the reasonable value thereof.

The declaration declared upon a simple contract between the plaintiff and defendant, the terms of which were clearly set out and a breach by the defendant alleged. The second count declared upon an implied promise to pay a reasonable sum for services rendered. The general issue was interposed to each of these counts.

The third plea must be construed as a plea of set-off In so far as it attempted to set up a contract different in terms from the one declared upon it amounted to the plea of the general issue but as it sought also to set off a claim against the plaintiff's demand it admitted his cause of action. The fourth plea set up a contract different in terms from the one declared upon and therefore amounted merely to the general issue.

The court's affirmative charge for the plaintiff was error. While the testimony of the plaintiff supported his declaration that he was employed to deliver daily lectures at the offices of the defendant company and that he performed that service, there was other evidence tending to show that the terms of the contract required the plaintiff to give his entire time as a salesman and to assist the salesmen in closing their sales. If such was the contract the plaintiff was entitled to recover only the common count such compensation as appeared from the evidence for the service actually rendered.

It is a well settled principle of remedial law that a plaintiff must recover upon the case made by his declaration, not upon a different one shown by the evidence however meritorious it may be.

The court should not instruct a verdict for one party to a cause unless the evidence submitted would not justify a verdict for the other and that the party for whom the instruction is given has met the requirements of proof of the material allegations of his declaration. See Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 So. R. 558; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 So. R. 680; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 So. R. 332; McKinnon v. Johnson, 57 Fla. 120, 48 So. R. 910; Tedder v. Fraleigh-Lines-Smith Co., 55 Fla. 496, 46 So. R. 419.

There is a very material difference between the testimony of the plaintiff and the officer of the defendant company who employed him as to the terms of the contract. If the testimony of the latter is to be believed the plaintiff could not recover upon the first count of the declaration because it does not declare upon the contract which the witness for the defendant testified was made.

As there was no evidence tending to show that the reasonable value of the service actually rendered was $600.00 the verdict was unwarranted.

It is unnecessary to discuss the other assignments.

The judgment is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.