ALHAMBRA GROVES, INC., a Corporation, *Plaintiff in Error,* v. ARTHUR P. CODY, *Defendant in Error.*

En Banc.

Opinion filed March 5, 1930.

*Swearingen & Wilson* and *Johnson, Bosarge & Allen,* for Plaintiff in Error.

*Huffaker & Edwards,* for Defendant in Error.

ANDREWS, Commissioner:

Defendant in error, as plaintiff below, was awarded a judgment pursuant to a verdict for $3,225.00 plus interest, being a commission of 5% alleged to have been earned

by him as a real estate broker in the sale of 430 acres of land at the price of $64,500.00.

A motion for new trial was denied and the case is here for review upon writ of error. The first error insisted upon by the plaintiff in error is covered also by the fourth ground of the motion for new trial, namely: that the verdict is contrary to the instructions given to the jury by the court. The special charge relied upon being in direct conflict with the verdict of the jury, reads as follows:

"The court further instructs the jury that if they find that the defendant made no contract with the plaintiff, but that its contract was with Shevlin, and that Shevlin was himself to split the commission with the plaintiff, then you must find for the defendant."

The above charge was given at defendant's request, and it might have constituted error, had the verdict been for the defendant. The jury could have found under the evidence that the plaintiff had a valid contract with defendant through his partnership relations with Shevlin in this deal, especially in view of the fact that defendant accepted the benefit of the service rendered by plaintiff after knowing all the circumstances.

If this charge is taken in connection with all the other charges given to the jury and not in the abstract, and applied to the evidence, the interpretation contended for by plaintiff in error could hardly be borne out. There is evidence that Shevlin had an agreement with the owner to pay 10% because he, Shevlin, had to split the commission with A. P. Cody in the event the latter should consummate the sale. Cody afterwards made and closed the sale and thereupon the defendant sent a 5% commission to Shevlin; therefore, if "Shevlin was himself to split the commission with the plaintiff," as charged above, the owner should

have sent to Shevlin the whole 10% commission—otherwise Cody would have to look to the owner for his share.

A verdict should be construed as settling all controversial questions of fact submitted, unless it clearly appears that the jury was improperly influenced by considerations outside the evidence. Town of DeFuniak Springs v. Perdue, 69 Fla. 326, 68 So. R. 234; Bibb v. United Groc. Co., 73 Fla. 589, 74 So. R. 880.

The next assignment of error insisted upon is that the court erred in denying the motion of the defendant for a directed verdict on the grounds that the allegations of plaintiff's declaration and the proofs adduced by the plaintiff's testimony did not correspond.

A party in moving for a directed verdict admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. R. 435; Anderson v. So. Cotton Oil Co., 73 Fla. 432, 74 So. R. 975; Wilson-Otwell & Cone v. N. T. Ritch, 93 Fla. 698, 112 So. R. 547.

Taking the above view of it, there appears sufficient evidence adduced at the time to support the trial court's order in denying the defendant's motion for an instructed verdict. The evidence shows that Shevlin procured the services of plaintiff, after he had procured an agreement from the owner (defendant) to pay a 10% commission, which as explained to the owner was to be split between Shevlin and Cody. The owner knew of these arrangements when he closed the sale with the purchaser produced solely through the efforts of Cody. While the plaintiff did not make a direct contract with the defendant for the commission sued for, all three parties knew of the agreement and the owner should not now reap the benefit of

the services rendered and avoid the commission, by ignoring plaintiff and sending a check representing a 5% commission to Shevlin and thereupon claiming that he owes the plaintiff nothing.

Whether the jury found there was a contract for 10% commission to be divided or that the plaintiff was entitled to recover the amount of the verdict upon the common counts as the reasonable commission, it appears from the evidence that they would have been within their province to have adopted either as their basis in view of the declaration which alleges a special contract and also an implied contract in addition to the common counts.

Finding no reversible error, the judgment of the trial court is hereby affirmed and it is so ordered.

Affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.