AMANDA BURKS, *Plaintiff in Error,* vs. E. C. LANGSTON, *Defendant in Error.*

135 So. 564.

Division A.

Opinion filed June 24, 1931.

Petition for rehearing denied September 29, 1931.

*Jones & Jones,* for Plaintiff in Error;

*W. A. Pattishall* and *Dickenson & Dickenson,* for Defendant in Error.

BUFORD, C.J.—In this case the plaintiff in error sued the defendant in error, the declaration containing one special count and five common counts. The special count of the declaration alleges in effect that the defendant received and retained certain money, the property of the plaintiff, for the specific purpose of paying certain taxes assessed against

the property of the plaintiff which was being purchased by the defendant.

There was evidence to show that the defendant had contracted to purchase the property under the following terms:

"And the said party of the second part hereby covenants and agrees to pay the said party of the first part the sum of FIFTEEN THOUSAND SEVEN HUNDRED AND FIFTY, dollars payable in the following manner:

$2850.00 on or before October 1st, 1928
$2850.00 on or before October 1st, 1929
$2850.00 on or before October 1st, 1930
$2850.00 on or before October 1st, 1931
$2850.00 on or before October 1st, 1932

The above amounts shall bear interest at 8% per annum, payable semi-annually, on the whole sum, remaining from time to time unpaid."

And in the contract it was provided as follows:

"Said party of the second part covenants and agrees to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year of 1927.

The 1927 taxes, that is the City, State and County taxes, shall be prorated as of October the 1st, 1927, the amount of said taxes being based upon the 1926 taxes, and this amount shall be deducted from the cash payment of $1500.00 set forth as the original cash payment in this contract."

The cash payment of $1500.00 is not elsewhere mentioned in the contract. The record shows that the defendant paid plaintiff $942.11 at the time of the execution of the contract and that the contract was never performed. That is, deferred payments mentioned in the contract were never paid and it appears that the contract was abandoned.

The declaration does not declare on the contract. There is parol evidence to show that the defendant made a parol agreement with the plaintiff to pay the 1927 taxes, but the declaration does not declare upon a breach of the contract of defendant to pay that part of the 1927 taxes which he

agreed to pay for the plaintiff. It is too well settled to require repetition that the plaintiff must recover on the case as made by the declaration. There was a total lack of evidence to support the allegations of the declaration and, therefore, there was no error in directing a verdict in favor of defendant.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., dissents.

DAVIS, J., (dissenting) :—The procedure was not proper on a demurrer to the evidence. Also, the plaintiff had a clear right to a non suit before the jury retired. I agree with the opinion as to the merits but cannot approve the apparently grossly irregular procedure. Ruling on non suit is error.