The W. B. Harbeson Lumber Co. v. A. D. Cosson.

156 So. 482
Division B.
Opinion Filed September 11, 1934.

*E. C. Maxwell,* for Plaintiff in Error;
*McGeachy & Elliott,* for Defendant in Error.

Brown, J.—This is a case where a verdict and judgment for damages for personal injuries was recovered against the defendant in the court below, plaintiff in error here. All other counts having been withdrawn by the court from the consideration of the jury, the case was submitted to the jury upon the sixth count of the declaration to which pleas of the general issue, contributory negligence and assumption of risk had been interposed by the defendant. The main contention of plaintiff in error is that the trial court erred in denying the defendant's motion for an instructed verdict on the remaining sixth count. The defendant made no motion for new trial after the verdict was rendered. Under the evidence in the case we cannot see that the trial court erred in refusing to instruct the verdict, as requested. It appears that the issues made by the pleadings presented questions which, under the evidence, were properly submitted to the jury. It is well settled that a party moving for a directed verdict admits not only the facts stated in

the evidence, but also every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. And where the evidence is conflicting or will admit of different reasonable inferences, or where there is evidence reasonably tending to prove the issue or issues, such evidence should be submitted to the jury, so that the jury may be given the opportunity to determine the disputed questions of fact arising under the pleadings and the evidence, which under our system of laws it is their function to determine, subject of course to appropriate review of the court on motion for new trial on grounds recognized by law. Williams v. Sherry, 94 Fla. 998, 114 So. 849. The power of the court to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only. The governing principles are not the same. Alberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. 44.

No reversible error being made to appear, the judgment of the court below must be and is hereby

Affirmed.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.