NICHOLAS CARTER v. FLORIDA POWER & LIGHT COMPANY

189 So. 705
Division B
Opinion Filed May 23, 1939
Rehearing Denied June 22, 1939

*Ray M. Watson* and *Roger Edward Davis,* for Plaintiff in Error; ·

*McKay, Dixon & DeJarnette,* for Defendant in Error.

PER CURIAM.—Nicholas Carter brought an action for damages in the Circuit Court of Dade County against Florida Power and Light Company, in which the Circuit Judge directed a verdict for defendant at the conclusion of the testimony. Plaintiff seeks to reverse the final judgment on writ of error.

In his direct testimony plaintiff gave the following account of the accident:

"I got to the corner, and naturally everybody stops to look. It was a drizzlnig rain. It would start to rain then stop raining and start up again. There was a car coming and it passed and I seen another car down by the next corner and I started to go across the road. By the time I got in six or eight feet of the curb the lights come on me like that and I threw my hand up and hollered and it hit me. After that I was unconscious until I come out of the unconsciousness when they were hauling me down to the Deering Ward in the hospital, and I spoke to some of the boys in there." * * *

"Q. * * * can you estimate the speed from what you saw of the truck itself from the time you saw it until it ran into you?

"A. Over 30 miles an hour."

On cross-examination plaintiff testified as follows:

"Q. Didn't you see it from the time you stepped off of the

sidewalk into the street until the time you were struck by the truck?

"A. Yes.

"Q. When did you last see it before it hit you?

"A. Just as it hit me. * * *

"Q. You knew the truck was coming?

"A. Yes.

"Q. If you had stopped when you reached the middle of that street the truck would have passed on and you would not have been struck. Is that correct?

"A. Possibly so.

"Q. Not possibly so?

"A. Yes, sure it would.

"Q. When you reached the center of the street did you look again to see if the truck was still coming?

"A. Yes, I surely must have.

"Q. You must have?

"A. Yes, sir.

"Q. Well, did you?

"A. Yes, I think I did.

"Q. Do you remember whether you did?

"A. Well, pinning it right down I think I would say yes.

"Q. You looked and saw the truck still coming when you were in the middle of the street?

"A. Yes, sir; I thought I could beat it.

"Q. Thought you could beat it?

"A. Yes, a person naturally would.

"Q. But you couldn't beat it?

"A. I didn't beat it. * * *

"Q. Were you running any crossing the street?

"A. I don't know that I was running any when I was crossing the street, but I was running several times on the

sidewalk when it was raining. I was running when it was raining, to get under an awning. * * *

"Q. How were you walking?

"A. Just walking natural, straight ahead.

"Q. You were not running?

"A. Not in the street. I was hurrying a little fast. I am not sure it was raining at the time, but it had been raining and stopped raining, then rained and stopped raining."

The time of the accident was about eight o'clock in the evening. The testimony of the driver of the defendant's truck and his companion that the lights were good and the windshield wiper was working is uncontradicted. However, there is a conflict in the evidence as to the speed of the truck—the driver and his companion testified they were going between ten and fifteen miles per hour, while plaintiff estimated the speed as thirty miles per hour.

In a civil action, if, after all the evidence of the parties "shall have been submitted, it be apparent to the judge of the circuit court, or county court or criminal court or civil court of record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party." Section 4363, Compiled General Laws of 1927.

Under this statute, when in a trial by jury the evidence has all been submitted, a verdict should not be directed for the defendant unless it be apparent that no sufficient evidence has been submitted upon which the jury could legally find a verdict for the opposite party. Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492; King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Florida Motor Lines v. Bradley, 121 Fla. 591, 164 So. 360.

Where the manifest weight and probative force of the evidence clearly requires a verdict for one party, and the evidence is legally insufficient to support a verdict for the opposite party in the particular issue within the meaning of the statute, the court will not be held in error for directing an appropriate verdict, no error of law or procedure intervening to make the directed verdict erroneous or improper. Tedder v. Fraleigh Lines Smith Co., 55 Fla. 496, 46 So. 419; Bell v. Niles, 61 Fla. 114, 55 So. 392; Investment Co. v. Truemen, 63 Fla. 184, 57 So. 663; Gordon v. Lowe, 64 Fla. 81, 59 So. 861; American Mercantile Co. v. Circular Advertising Co., 71 Fla. 522, 71 So. 607; Campbell v. McLaurin Investment Co., 74 Fla. 501, 77 So. 277; Standard Accident Insurance Co. v. Commercial Bank & Trust Co., 93 Fla. 903, 112 So. 615; Bolles v. Carson, 73 Fla. 504, 74 So. 509; Greenblatt v. J. R. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302; Miller v. Chase & Co., 88 Fla. 500, 102 So. 553; Cameron & Barkley Co. v. Law Engle Co., 98 Fla. 920, 124 So. 814.

A party moving for a directed verdict admits facts stated in the evidence adduced and every conclusion favorable to his adversary fairly and reasonably inferrable therefrom. E. E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704; Briggs v. Mann, 95 Fla. 31, 116 So. 2; Gulf Refining Co. v. Ankenny, 102 Fla. 151, 135 So. 521; Wolfe v. City of Miami, 103 Fla. 774, 137 So. 892; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L. R. A. 1917E, 715; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; Aspinwall v. Gleason, 97 Fla. 869, 122 So. 270; Wager v. East Coast Hospital Association, 105 Fla. 547, 141 So. 743; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540; Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435; Wilson

Otwell & Cone v. Ritch, 93 Fla. 698, 112 So. 547; Alhambra Groves v. Cody, 99 Fla. 448, 126 So. 749; W. B. Harbeson Lumber Co. v. Cosson, 116 Fla. 495, 156 So. 482; Florida Motor Lines v. Bradley, *supra;* King v. Weis-Patterson Lumber Co., *supra;* Russell v. Atlantic Coast Line R. Co., 129 Fla. 535, 176 So. 778; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Hastings v. Taylor, 130 Fla. 249, 177 So. 621; New England Mutual Life Insurance Co. v. Huckins, 127 Fla. 540, 173 So. 696; Talley v. McCain, 128 Fla. 418, 174 So. 841.

In the light of the above principles the Court has taken the following statement of facts from the testimony of plaintiff himself:

Plaintiff, a man of 65 years of age, was traveling in an easterly direction on Northwest Eleventh Street in Miami, Florida, on a rainy night. As he approached the intersection of Eleventh Street and First Avenue he observed two cars approaching, one of them a truck and the other the car involved in this accident. The car of defendant was traveling at an approximate speed of thirty miles per hour. Plaintiff permitted the first car to pass while he was standing on the corner and then stepped into the street and started across, at all times watching the defendant's car as it approached the crossing. Plaintiff reached the middle of the street and, still watching the car approach him, instead of standing in the middle of the street where he would have been safe, he continued to cross, walking directly into the path of the motor vehicle. His testimony was that he was walking "natural," "hurrying a little fast."

In Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303, this Court said:

"In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to

be drawn from all the evidence in favor of the plaintiff should be considered but if, after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated.

"The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned.

"This rule does not impair the organic right to a jury trial, since if by the legal effect of the evidence the plaintiff has not proven a controverted cause of action, he has no more right to a jury tral than if he had failed to allege a cause of action in his pleadings. And the principle of law that indulges a presumption in favor of the ruling of the trial court on the probative force of the testimony of the witness taken before him does not violate the rights of parties to the litigation."

Judgments for defendants rendered upon verdicts that were directed by the court were affirmed in Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 So. 472; Bass v. Ramos, 58 Fla. 161, 50 So. 945, 138 Am. St. Rep. 105; Padgett v. Atlantic Coast Line R. Co., 63 Fla. 248, 58 So. 720; Stone v. Citizens' State Bank, 64 Fla. 456, 59 So. 945; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 So. 942, 16 Ann. Cas. 1054; Bruner v. Hart, 59 Fla. 171, 51 So. 593; Mugge v. Jackson, 53 Fla. 323, 43 So. 91; Harper Piano Co. v. Seaboard Air Line Ry., 65 Fla. 490, 62 So. 482; Johnson v. Rhodes, 62 Fla. 220, 56 So. 493; Hoopes v. Crane, 56 Fla. 395, 47 So. 992; Myers v. Hodges, 53 Fla. 197, 44 So. 357; Painter Fertilizer Co. v.

Du Pont, 54 Fla. 288, 45 So. 507; McKinnon v. Lewis, 60 Fla. 125, 53 So. 940; Onyx Soda Fountain Co. v. L'Engle, 53 Fla. 314, 43 So. 771; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Varnes v. S. A. L. R. R. Co., 80 Fla. 624, 86 So. 433; Burks v. Langston, 102 Fla. 155, 135 So. 564; Smith Richardson & Conroy v. Tampa Electric Co., 82 Fla. 79, 89 So. 352; Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842; Stover v. Stovall, 103 Fla. 284, 137 So. 249; Biscayne Trust Co. v. Pennsylvania Sugar Co., 103 Fla. 155, 137 So. 147; Quigg v. Helm, 119 Fla. 693, 161 So. 55; Maas Bros. v. Fuller, 121 Fla. 175, 163 So. 470.

The above statement of facts taken from plaintiff's own testimony is sufficient to show that he contributed proximately to whatever injury he may have sustained from collision with the moving car. The judgment of the lower court is therefore affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.