# Rothrock, Ex'r., *versus* Gallaher.

1. The testimony of a witness once duly taken in a pending cause may afterwards be read in evidence in another cause between the same parties in regard to the same subject-matter, when in the interval the witness has lost his memory by reason of old age and ill health.

2. In a suit by an executor the defendant is not incompetent to testify to any fact occurring or existing after the death of the decedent, by reason that said testimony may inferentially tend to prove the same fact existed prior to his death.

3. Where it is proposed to discredit a witness by proof of contradictory statements, whether his attention must first be called to the matter rests in the sound discretion of the court, and unless that discretion is abused, its exercise is not ground for reversal.

June 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Franklin county :* Of May Term 1878, No. 214.

Trover and conversion by Joseph Rothrock, executor of Robert Gallaher, deceased, for use of Joseph H. Gallaher, against Jane

[Rothrock v. Gallaher.]

Gallaher, for twenty-three United States bonds, of the value of $30,000, and one promissory note of the value of $150.

The questions, as passed upon by this court, are sufficiently illustrated by the following offers of evidence in the court below, and the facts as stated by this court.

At the trial before Rowe, P. J., defendant proposed to prove, that in a conversation witness had with S. Y. Shelly (whose deposition was produced by plaintiff), that Shelly told the witness in said conversation, that Seth Zeigler took that trunk himself (speaking of the trunk taken from Kauffman's), and that the man that took the trunk took the bonds.

This was offered to show: 1. That Shelly and Zeigler took these bonds themselves: 2. To show that Shelly charged another person than this defendant with taking the bonds in dispute.

Objected to because when the deposition of Shelly was taken he was not asked about, nor was his attention turned to this conversation; because Shelly did not, in his deposition, testify to any knowledge he had of the taking of the bonds or who had them, and therefore it is not a contradiction of his testimony; because these declarations were made out of the presence of Seth Zeigler, and are wholly irrelevant and collateral to the issue.

The court overruled the objections, on the ground that counsel had no knowledge of this testimony in the lifetime of Shelly. (8th assignment of error.) It was proposed to ask another witness whether Shelly ever told him that he had opened the Gallaher safe, between the time of the death of Gallaher and the appraisement for Mrs. Gallaher, for the purpose of contradicting Shelly.

Objected to, because the answer of Shelly on that subject was conclusive and cannot be contradicted, being a wholly collateral and immaterial fact. Objection overruled. (10th assignment.)

The defendant also offered to prove, by John Wright, that he was examined in the case of Rothrock, executor of Gallaher, v. John Wright and Jane Gallaher, in the Court of Common Pleas of Juniata county, about the subject-matter of this controversy. That on that occasion he cannot say that he testified about the little memorandum-book, marked B. F. J., but if he did give testimony on the subject and the numbers on the two leaves torn out of the book, such testimony was correct and true, but that his memory has failed him now. Extract read to the witness and the jury, from the notes of his testimony taken by Judge Junkin, on the former trial, as part of the offer, as follows: "John Wright. * * * When I went home, the paper that was shown me excited my curiosity, and I examined the book and the paper was gone. I saw where the paper had been. There were two leaves torn out of the little book. I had made a memorandum on that leaf of bonds that I was going to sell. They were the

[Rothrock *v.* Gallaher.]

bonds sold to Jay Cooke & Co., and the coupons I sold to Saylor & Stevenson."

It was objected that the witness' testimony could not be supplemented by such evidence. The court admitted the evidence, saying, "This is a very old man, sick, and by reason of his old age, his memory, he says, has failed him in the matters inquired of. On principle, he ought to be allowed to show that what he swore to was true, with a view to its introduction afterwards from the judge's notes." (13th assignment.)

On the part of the defence, it was proposed to ask Jane Gallaher, the defendant, whether the package, when opened by Mr. Wright, was in the same condition that it was in, from and immediately after the death of her husband.

Objected to because the question necessarily involves the condition of the package at the moment of her husband's death, and inferentially, its condition before his death, and this the witness is not competent to prove; and because the evidence goes to prove a delivery of the package to her in her husband's lifetime, which she is incompetent to prove. The court overruled the objections. (14th assignment.)

The verdict was for defendant, when plaintiff took this writ, among the assignments of error being those noted above.

*E. S. Doty* and *J. McDowell Sharpe*, for plaintiff in error.—Evidence of statements contradictory to what a witness has testified to, on the trial of a cause, are inadmissible to discredit him unless he is first examined as to such statements: Wright *v.* Cumpsty, 5 Wright 102; McAteer *v.* McMullen, 2 Barr 32; Wertz *v.* May, 9 Harris 279.

The witness, Wright, did not refresh his memory by reference to the notes of the former trial. His memory was a blank, and could not be refreshed. This would have opened the way for the admission of a memorandum made by himself, as independent proof, provided he could swear to its accuracy when it was written. But no such memorandum was produced. In lieu thereof a portion of the judge's notes was read, to supply omissions in his testimony, *the result of a faded recollection.* We submit that this was going beyond any recognised authority, and, if sanctioned, will inaugurate a dangerous precedent.

To allow Mrs. Gallaher to testify that the package was in the same condition when opened by Mr. Wright and herself, as it was immediately after her husband's death, was tantamount to permitting her to swear as to its condition at and before his death. If the package was in the same condition *the very instant of his death,* it would be an inevitable inference that the condition was the same the instant before his death.

*E. D. Parker*, *L. E. Atkinson*, *F. M. Kimmell* and *T. M. Mahon*, for defendants in error.—The admission of evidence of the declarations of a witness for the purpose of discrediting him, without a previous examination of the witness to the same matter, is in the discretion of the court: Walden v. Finch, 20 P. F. Smith 460.

The notes read were a deposition taken in court in a former trial, and the plaintiff had the opportunity of cross-examination. The case is in principle the same as if the witness was dead, insane or sick, or out of the jurisdiction of the court. If the witness had been deceased at the time, the notes of the learned judge would have been admissible: Moore v. Pearson, 6 W. & S. 51 ; Rhine and Robinson, 3 Casey 30.

So of an absent witness : Wright v. Cumpsty, 5 Wright 102. The notes of counsel, showing what a deceased witness testified on a former trial between the same parties, are evidence when proved to be correct in substance, independently of his recollection : Rhine v. Robinson, *supra;* Philadelphia & Reading Railroad Co. v. Spearen, 11 Wright 300 ; 1 Greenl. on Ev., 11 ed., sect. 168. If, in cases of disqualifying interest, the witness has previously given a deposition in the case, the deposition may be read in chancery, as if he were since deceased, or insane, or otherwise incapacitated : Jack v. Woods, 5 Casey 378 ; Emig v. Diehl, 26 P. F. Smith 359.

The language of the Act of the Assembly, April 1st 1870, is " that no interest or policy of law shall exclude any party to the record from testifying to matters occurring *since the death* of the person whose estate, through a legal representative, is a party to the record." There is no difference in the meaning of the two expressions, "since the death" of a person, and "from and immediately after the death" of a person. "Immediately" refers to time, "after the death." The moment the breath was out of the body of Mr. Gallaher, "from the time of," that moment, the mouth of Mrs. Gallaher was opened to testify to any matter occurring subsequently.

Mr. Justice MERCUR delivered the opinion of the court, October 6th 1879.

This was an action by the executor of Robert C. Gallaher, to recover for the alleged conversion of certain United States bonds. At one time during the life of the decedent, they were owned by him, and were in his possession. The plaintiff attempted to prove that the defendant had purloined them either a short time before Gallaher's death or soon thereafter. The defendant alleged they had been taken by some of the plaintiff's witnesses. In a previous suit by the plaintiff against the defendant for the same subject-matter, and after witnesses had testified, the plaintiff took a non-suit. Many of those witnesses testified again on the trial of this cause. There was no direct evidence of the taking or conversion

[Rothrock *v.* Gallaher.]

of the bonds.    The plaintiff sought to prove the taking by showing the defendants had access to the safe in which the bonds were kept and had actually caused it to be opened.    This attempt as well as the effort to show that some of the witnesses had sworn differently on the former trial, gave a wide range to the evidence.    Under all the circumstances we see no error in the court having admitted evidence of the declarations as well as of the acts of the persons sought to be inculpated.

The case was so well and carefully tried that we do not deem it necessary to consider all the assignments in detail.    We will briefly consider the thirteenth and fourteenth.    The thirteenth is to the admission of the evidence of Wright given on the former trial.    His evidence was then taken down by the judge before whom the case was tried, and on the present trial the judge testified to the correctness of his notes of evidence.    That evidence was of entries which he testified he had made in a small book, of bonds and coupons, which he was going to sell and did sell.    Those entries showed in figures the various numbers and amounts of twenty bonds.    Two leaves showing the entries, had by some person been torn out of the book, prior to the first trial.    From memory and some written memoranda he then testified to the entries which he had made on the lost pages of the book.    On the present trial he was present but was unable to state that he had testified in regard to this matter on the former trial.    He swore, however, that if he did so testify, his testimony was correct and true.    The judge swore he did so testify.    It appearing on the last trial that the witness was eighty-seven years old, and in consequence of his great age and ill health his memory had failed him in respect to the facts in question, the court permitted the testimony which he had given on the former trial, to be read in evidence.

If he had been dead or beyond the jurisdiction of the court, it is clear this evidence would have been admissible.    Chess *v.* Chess et al., 17 S. & R. 411 ; Moore *v.* Pearson, 6 W. & S. 51 ; Jones *v.* Wood, 4 Harris 25 ; Rhine *v.* Robinson, 3 Casey 30 ; Haupt *v.* Henninger, 1 Wright 138 : Wright *v.* Cumpsty, 5 Id. 102 : Evans's Adm'x *v.* Reed, 28 P. F. Smith 415 : Pratt *v.* Patterson, 31 Id. 114.    We cannot see any substantial reason why the testimony of a witness once duly taken in a pending cause may not afterwards be read in evidence in another cause between the same parties in regard to the same subject-matter, when in the interval the witness has lost his memory by reason of old age and ill health.    The justice and propriety of receiving the evidence are as strong as if the witness were dead, insane, out of the jurisdiction of the court, or unable to attend by reason of sickness.    Although bodily present, yet if shown to have become so bereft of memory by senility or sickness, that he is unable to recall a past transaction to which he had once testified and has forgotten that he ever testified

[Rothrock v. Gallaher.]

in regard to it, he may be considered as practically absent, and his former testimony, if otherwise admissible, may be read in evidence : 1 Greenl. on Ev., § 163 n.    It is also intimated in Jack v. Woods, 5 Casey 375, and ruled in Emig v. Diehl, 26 P. F. Smith 359.

The 14th assignment presents an objection to the defendant's testifying to a fact existing after the death of Mr. Gallaher.    It is claimed that inferentially, this tends to prove a condition of things prior to his death, and inasmuch as the suit was brought by the executor, the defendant was incompetent to so testify.    We think this objection unsound.    The Act of 9th April 1870 makes the defendant competent to testify " to matters occurring since the death of the person whose estate, through a legal representative, is a party to the record."    It fixes no period of time after his death, when the matters shall have occurred, whether they be immediately thereafter or whether months or years have intervened ; the defendant is thereby made competent to testify in regard to them. She is not made incompetent to testify to any fact occurring or existing after the death of the decedent, by reason that her testimony may inferentially tend to prove the same facts existed prior to his death.

If the executor had given evidence to prove that certain chattels had been destroyed or a certain animal killed during the life of the decedent, it cannot be successfully contended, that the defendant would have been precluded from testifying that she saw the property immediately after his death, and then the chattels were uninjured and the animal in full life.

The decisions applicable to the eighth and tenth assignments are not in harmony with each other.    In 2 Greenl. Ev., sects. 462, 467 ; McAteer v. McMullen, 2 Barr 32; Wright v. Crumpsty, supra, it is said that a witness cannot be discredited by proof of contradictory statements, unless he be first examined as to such statements, so as to give an opportunity for explanation.    On the contrary it is held in Sharp v. Emmet, 5 Whart. 288 ; Kay v. Fredrigal, 3 Barr 221 ; Walden v. Finch, 20 P. F. Smith 460, whether his attention must first be called to the matter, rests in the sound discretion of the judge, and unless that discretion be abused, its exercise is not ground for reversal.    We think it best to adhere to the rule laid down in the last case.    So holding we see no such abuse of a sound discretion in this case as to give cause for reversal.    The testimony of the witness was by deposition.    When it was taken, the defendant does not appear to have had knowledge of the declarations sought to be proved.    The remaining assignments are without merit.

                                        Judgment affirmed.