H. L. ANDERSON v. MONROE C. GAITHER, as Administratrix of the Estate of W. C. Gaither, deceased.

162 So. 877.

Opinion Filed May 1, 1935.
Rehearing Denied August 28, 1935.

*Crawford & May* and *H. L. Anderson,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White* and *Giles J. Patterson,* for Defendant in Error.

PER CURIAM.—This was an action at law wherein verdict for plaintiff below was directed by the trial Judge and judgment was entered in his favor for a recovery of damages

in the sum of $22,991.84. A previous judgment for the defendant below was reversed. See: Gaither v. Anderson, 103 Fla. 1190, 135 Sou. Rep. 840, 139 Sou. Rep. 587.

Plaintiff's declaration was in two counts, the first upon an account stated and the second upon a common count for work done and services rendered. The controversy concerned a real estate broker's commission sued for by an action brought by claimant Gaither, as plaintiff, in his lifetime, and continued after his death in the name of his administratrix. Much of the law of this case was settled by the previous opinion of this Court rendered on rehearing when the case was here before. So the principal concern on the present writ of error is whether or not the trial judge was warranted in directing a verdict for defendant in error at the conclusion of all the evidence. If he was not, the judgment must be reversed on that score alone, if on no other ground. To the end of adjudicating that inquiry we are required to ascertain and decide from the record whether or not the evidence of payments aggregating $200,000.00 admittedly made to Anderson as shown by the evidence, were received by him by reason of the land sales contract of March 20, 1925, which plaintiff Gaither had procured from O. B. Stuart and associates, as purchasers, under an agreed sale of the land, concerning which Gaither's broker's commission was claimed, or was received by Anderson pursuant to an alleged disconnected subsequent sale as to which Gaither had no right to claim any commission.

The principal evidence at the second trial consisted of the testimony of W. C. Gaither (at the time deceased) as recorded in the bill of exceptions preserved at the first trial; the documents introduced at the first trial, including the trust deed mentioned in the previous opinion of this Court, all supplemented by letters and telegrams and the deposition

of one O. B. Stuart, the alleged purchaser, as taken and used at the first trial. In addition to the documentary evidence referred to Stuart and Anderson were adduced as witnesses and testified personally.

The evidence shows that W. C. Gaither, plaintiff's decedent, was a real estate broker living in Tampa and that in March, 1925, H. L. Anderson, for himself and as trustee for others, employed the broker *to sell* certain lands lying in Hillsborough County and agreed to pay said broker 5% commission only in the event of an actual sale. Acting under such employment, Gaither obtained from O. B. Stuart and associates a written contract relating to the sale of the lands, but on the prior appeal this Court held such contract to be an option only in its inception, but which was capable of ripening into a valid contract of sale entitling the broker to his commission, if and when it was fully executed. Stuart and associates made a down payment on the stipulated purchase price set forth in the contract, but the final consummation of the sale itself was had with a purchaser described as Seashore Estates, which appears to have been organized as a paper corporation to take title to the lands when conveyed.

On October 1, 1925, Anderson wrote a letter to Gaither saying, among other things (letter quoted in full in prior opinion, 139 Sou. Rep. text 588), "I estimate that the balance I owe you will be $17,000.00." The letter of October 1, 1925, was attached to the declaration as a bill of particulars.

On November 1, 1925, Anderson wrote to Gaither referring to "balance due to you" and by letter dated September 29, 1926, again advised Gaither as follows:

"September 29, 1926.

"W. C. Gaither, Esq.,

"Tampa, Fla.

"Dear Sir:

"Your letter 29th inst. It will be impossible for me to get any moneys before December first. I appreciate the fact that times are hard in Tampa, and with you, but they are also hard with me. I cannot collect any money, and shall have to ask you to postpone the matter until December 1st, when I expect to get some settlement on the Bay Shore property matter.

"Yours truly,

"(Signed) H. L. ANDERSON."

It was the contention of Anderson that while Gaither had admittedly procured a contract from O. B. Stuart and associates for a presumptive sale of the involved lands under which contract when consummated and carried into execution, Gaither would have become entitled to the commission acknowledged to be due him by Anderson's letter to Gaither under date of October 1, 1925 (quoted in prior opinions of this Court), that nevertheless Gaither's commission in the premises was never earned by him by reason of the fact that the sale of the lands to O. B. Stuart and associates was defaulted and cancelled on account of the inability of O. B. Stuart and associates to pay, and that what was later consummated as a sale of the lands was under a new deal arranged through other means directly with the actual purchaser, Seashore Estates, for a purchase price at a less rate per acre, and that although defendant Anderson did, as shown by his letter, write to Gaither and acknowledge to him that he (Gaither) had earned his commission, that such letter was induced by the false repre-

sentations of Gaither to the effect that the Seashore Estates deal was Gaither's arrangement, whereas such was not a fact.

It was the contention of Gaither, on the other hand, that the documentary and uncontradicted parol evidence in the case show beyond reasonable ground for disputation, that what was admittedly a sale of the lands finally consummated with Seashore Estates, was merely a resale of the land from O. B. Stuart and associates under and by virtue of the latter's purchase of the land pursuant to Gaither's having arranged a sale of the land under his contract of March 20, 1925, with O. B. Stuart and associates, and that therefore Gaither's contract entitling him to a broker's commission was fully executed and his commission agreed to therefor was fully earned and recoverable under the common counts as an earned compensation due for work done as well as on the account stated represented by Anderson's acknowledgment of the debt by letter sent under date of October 1, 1925.

A real estate broker may sue on the common counts for an earned commission claimed to be due him under an express contract for such commission that he has fully performed, so that nothing remains to be done under it by the opposite party, save payment of the money due by the defendant. Hazen v. Cobb-Vaughn Motor Co., 96 Fla. 151, 117 Sou. Rep. 853; Cox v. Grose, 97 Fla. 848, 122 Sou. Rep. 513.

Where the plaintiff in a suit for recovery of a broker's commission fully makes out his case by his proofs corroborated by a showing that the defendant has made a written acknowledgment of the debt sued for, which under his pleadings, he attempts to repudiate as a binding admission by setting up facts in avoidance of it, but wholly fails to

meet the burden of sustaining any valid defense against his written acknowledgment of plaintiff's debt, a directed verdict for plaintiff is not reversible error. Pensacola Finance Co. v. Simpson, 82 Fla. 368, 90 Sou. Rep. 381; Standard Accident Ins. Co. v. Commercial Bank & Trust Co., 93 Fla. 903, 112 Sou. Rep. 615.

In the present case the evidence adduced was of such conclusive nature and tendency on plaintiff's part that no reasonable inference can be drawn therefrom sufficient to deny plaintiff the right to recover the commission claimed by him pursuant to Anderson's letter of October 1, 1925, which admitted the commission sued for to be due for services rendered by Gaither in arranging a sale of the lands in question to O. B. Stuart and associates which the evidence discloses was an accomplished fact prior to the writing by Anderson of his letter to Gaither under date of October 1, 1925.

The admission in evidence of Stuart's deposition taken in 1929, although Stuart was personally in court and called as a witness at the last trial held in 1933, was (at least) within the sound discretion of the court, when it appeared from the circumstances that witness' memory at time of giving the earlier deposition, was obviously clearer as to details than his personal testimony given from the witness stand four years later. Both versions together constituted appropriate evidence to be received and considered in connection with each other. See: Southern Pacific Co. v. Henderson (Tex. Civ. App.), 208 S. W. Rep. 561; Tift v. Jones, 74 Ga. 469; Jack v. Woods, 29 Pa. St. 375; Kirstel v. Michigan Cent. R. Co., 213 Ill. App. 518; Holt v. Guerguin, 106 Tex. 185, 163 S. W. Rep. 10; 50 L. R. A. (N. S.) 1136; Estill v. Citizens & Southern Bank, 153 Ga. 618, 113 S. E. Rep. 552; Flynn v. Philadelphia W. & B. R. Co.,

1 Houst. (Del.) 469; Phenix v. Baldwin, 14 Wend. (N. Y.) 62; Ford v. Ford, 11 Hump. (Tenn.) 89.

The rulings on the pleadings appear to have been in conformity to the law of this case as settled on the prior appeal, and no substantial right of defense appears to have been rejected by reason thereof. Pleas allowed to stand were (1) general issue; (2) breach of performance of plaintiff's special contract to sell defendant's lands to O. B. Stuart and associates; (3) agreement to accept payment of commissions in a particular way; (4) payment; (5) set off; (6) the plaintiff renounced his agency by purchasing secretly an interest in the lands for the sale of which his agency was created.

Such pleadings as were allowed to stand appear to have fully presented all issues properly tryable under the facts giving rise to this controversy. And we find no error in the several rulings eliminating particular pleadings that were rejected either on demurrers or motions.

The judgment is affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.