450 A.2d 55

**COMMONWEALTH of Pennsylvania**

v.

**William VON SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1981.

Filed Aug. 27, 1982.

Petition for Allowance of Appeal
Denied Feb. 7, 1983.

Peter Foster, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, William Von Smith, was first tried on October 21, 1972, along with a co-defendant and both were found guilty by a jury of murder and aggravated robbery. Pursu-

ant to a Post-Conviction Hearing Act petition filed by appellant, the Supreme Court, on November 15, 1979, reversed the judgment of sentence and awarded appellant a new trial. *Commonwealth v. Smith,* 486 Pa. 564, 406 A.2d 1034 (1979). Appellant was retried on March 17, 1980 and again was found guilty by a jury of murder and aggravated robbery. Post-trial motions were denied and appellant was sentenced to a term of life imprisonment. This appeal followed.

On January 15, 1972, at approximately 5:20 p.m., two men walked into the victim's barber shop and inquired as to whether or not he was hiring. The victim replied that there were no positions available. As he turned his back on the two men, he was struck in the head and rendered unconscious. Upon regaining consciousness, the victim discovered that his wallet, containing sixty dollars ($60.00), was missing. Shortly thereafter, the victim was taken to the Polyclinic Hospital in Harrisburg where, initially, he appeared not to be in a life threatening situation. While in the emergency hospital room, at approximately 6:15 p.m. the victim was questioned by a Harrisburg police officer concerning the facts involved in the robbery. The victim recalled the situation leading up to the time he was attacked and gave a general description of the assailants. As a result of the vicious blows to the head, the victim indeed suffered extreme brain damage, lapsed into a coma and died four days later.

Appellant's first contention is that the lower court erred in admitting, under the excited utterance *res gestae* exception, the hearsay testimony of the police officer concerning the victim's statement of the circumstances surrounding the robbery. Appellant contends that the excited utterance exception is inapplicable in the instant case because of the fifty-five (55) minute delay between the time of the robbery and the victim's statement, the fact that the victim was alert and well oriented upon admission to the hospital and that the statement was made in response to police questioning. We do not agree that these particular facts support appellant's position and, for the following reasons, we find

that the lower court properly admitted the police officer's hearsay testimony.

A statement falls within the excited utterance exception to the hearsay rule if it is:

... a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in as closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude likelihood of its having emanated in whole or part from his reflective faculties. *Commonwealth v. Pronkoski,* 477 Pa. 132, 137–138, 383 A.2d 858, 860 (1978) quoting *Allen v. Mack,* 345 Pa. 407, 410, 18 [28] A.2d 783, 784 (1942).

The fifty-five (55) minute interim period between the robbery and the statement is not, in and of itself, dispositive of the issue. Rather, as the Supreme Court stated in *Commonwealth v. Cheeks,* 423 Pa. 67, 70, 223 A.2d 291, 293 (1966):

No definite time limit, or distance from the site of the crime, has been fixed by the courts in determining what spontaneous utterances are admissible as part of the res gestae. Each case has been judged on its own facts and circumstances.... The length of time which has elapsed between when the declarations were uttered and when the occurrence took place is only one element to be considered in determining this spontaneity. (citations omitted).

■ In several cases this court has approved of the admission of hearsay testimony under the excited utterance exception even though the interim period was comparable to or even greater than that in the present case. *Commonwealth v. Hess,* 270 Pa.Super. 501, 411 A.2d 830 (1979) (30 minutes); *Lininger v. Kromer,* 238 Pa.Super. 259, 358 A.2d 89 (1976) (2 hours); *Commonwealth v. Cheeks, supra,* (45 minutes); *Commonwealth v. Soudani,* 190 Pa.Super. 628, 155 A.2d 227 (1959) affirmed, 398 Pa. 546, 159 A.2d 687, 689 (1960); cert.

denied, 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960) (45 minutes). There can be no doubt here that the victim suffered severe head injuries and certainly underwent a traumatic and shocking experience of lasting import. We are satisfied that the statements elicited from the victim emanated from the attack, precluding "... the possibility that the declarations were the product of premeditation or design." *Commonwealth v. Edwards,* 431 Pa. 44, 48, 244 A.2d 683, 685 (1968). We do not find the fifty-five (55) minute interim period so excessive under the applicable case law as to prevent the admission of the victim's statements under the excited utterance exception. See *Commonwealth v. Hess, supra.* Further, the fact that the victim's statements were made in response to questions asked by the police officer does not preclude them from being spontaneous. *Commonwealth v. Banks,* 454 Pa. 401, 311 A.2d 576 (1973); *Commonwealth v. Edwards, supra.*

■ Appellant also contends that the lower court erroneously permitted the Commonwealth to read into evidence the prior testimony of two Commonwealth witnesses where the only ground for doing so was that they could not remember the events to which they testified to in the prior trial. During appellant's first trial, in October of 1972, Alfred and Pearline Patterson testified that the appellant had admitted committing the crime to them. In addition, Alfred Patterson testified that on the day of the robbery he drove with appellant and another man to the victim's barber shop. Appellant and his companion entered the barber shop while he (Patterson) waited in the car. Patterson further testified that they returned to the car with a wallet containing sixty ($60.00) dollars and that appellant was carrying a stick. At appellant's second trial on March 17, 1980, the Pattersons stated that they were unable to remember what had taken place eight years ago. The lower court found that because the Pattersons were unable to remember any of the events to which they previously testified, they were unavailable and therefore, their prior testimony at appellant's first trial was admissible. Appellant contends that

mere lack of memory, without cause, is not a sufficient basis to justify the introduction of a witness' prior testimony. For the following reasons, we disagree.

The introduction of a witness' prior testimony into evidence at a subsequent trial is governed by the Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa. C.S.A. § 5917 which provides in pertinent part:

> Whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such a witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with subpoena, or if he becomes incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue.... (Emphasis added).

Appellant argues that because none of the four requirements specified in Section 5917 (underscored above) were present in the instant case, the lower court could not find the Commonwealth witnesses unavailable. However, in *Commonwealth v. Graves,* 484 Pa. 29, 398 A.2d 644 (1979), the Supreme Court held that the Act of May 23, 1887, P.L. 158, § 3, 19 P.S. § 582, now 42 Pa. C.S.A. § 5917, was not "the exclusive means by which a witness' prior testimony may be admitted into evidence at trial." *Id.,* 484 Pa. at 36, 398 A.2d at 648. The *Graves* decision specifically stated that the common law hearsay exception for prior testimony was still applicable, notwithstanding the Act, and held that a witness' *partial* memory loss rendered him unavailable under that exception. The Court in *Graves* stated:

> ... the better view seems to be that partial memory loss also renders the witness unavailable and the prior testimony as well as the present testimony is admissible.
>
> The inconvenience of this narrow view, that forgetfulness is not a ground of unavailability, it seems, should be avoided by treating lapse of memory if complete as a

ground of unavailability, *or if partial as a ground for admitting both the former and the present testimony of the witness.*

*McCormick, supra,* at 6111–12 (emphasis added) (citation omitted), citing *Anderson v. Gaither,* 120 Fla. 263, 162 So. 877, 879 (1935) (citing other authority). This approach has the value of fairness to both parties in that necessary testimony is admitted, with the opponent being permitted to cross-examine the witness both as to his asserted lack of memory as well as to his present testimony. This in fact is what happened at trial in the instant case. Therefore, we hold that the trial judge properly admitted Mathis' prior testimony.

*Id.,* 484 Pa. at 38, 398 A.2d at 649. (footnotes omitted)

Clearly, the *Graves* decision recognizes complete lack of memory as a ground for determining a witness' unavailability as well as partial memory loss. Obviously, total lack of recall presents a more compelling instance to find unavailability than does partial memory loss. We believe *Graves* is controlling here and accordingly hold that the lower court properly admitted the prior testimony.

Judgment of sentence affirmed.