528 A.2d 241

**COMMONWEALTH of Pennsylvania**

v.

**Dwayne HOOK, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 6, 1986.

Filed July 10, 1987.

Daniel M. Preminger, Philadelphia, for appellant.

Frances G. Gerson, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

This is an appeal from the judgment of sentence imposing a two and one half year term of imprisonment for convictions for voluntary manslaughter and possession of an instrument of crime.

Mr. Hook was first convicted of these crimes at a jury trial in November, 1982. He was granted a new trial, however, based on ineffectiveness of trial counsel. This appeal comes to us from his second conviction after a jury trial in November, 1984. Just before the second trial was to begin the prosecution's chief witness, Lydia Trapp, informed the court that she could no longer remember having witnessed the events she testified about at the Appellant's first trial. The trial judge found her to be "unavailable" due to memory loss and permitted her testimony from the first trial to be read to the jury. Appellant claims this was error.

The Pennsylvania statute which governs the admissibility of former testimony is 42 Pa.C.S.A. § 5917, which provides that the former testimony of a person who has died, or who cannot be produced for trial or who is legally incompetent, may be admitted at a subsequent trial. The basis for the admission for prior testimony in this case was not this statute, since this statute is intended to govern only those situations where the witness is physically absent or incompetent to testify. Rather the trial court relied on the common law exception to the hearsay rule as set forth in *Commonwealth v. Graves*, 484 Pa. 29, 398 A.2d 644 (1979), which allows the admission of prior testimony when a witness becomes unavailable due to memory loss.

In *Graves,* a Commonwealth witness who had testified against Graves at his first trial, stated at the second trial that he could no longer remember the incidents surrounding the crime. The witness was permitted to read the transcript of the first trial to refresh his recollection; he then testified before the jury but he only remembered part of what he had testified to at the first trial. The trial court in *Graves* then permitted the witness's testimony from the first trial to be read to the jury. On appeal, the Supreme Court ruled that this type of memory loss rendered a witness unavailable for purposes of the common law exception. The Court in *Graves* noted it was extending the holding of *Rothrock v. Gallaher,* 91 Pa. 108 (1879), which held that a witness who had lost his memory completely due to old age or sickness was unavailable. The witness in *Graves* suffered from partial memory loss: he had forgotten much what happened on the night of the crime.

In a case following *Graves, Commonwealth v. Von Smith,* 303 Pa.Super. 534, 450 A.2d 55 (1982), the Commonwealth witnesses stated at the second trial that they could remember none of the events they testified to at the first trial. The trial judge ruled that they were unavailable and therefore their testimony at Von Smith's first trial was admissable. Our Court affirmed the trial court, noting that total lack of recall presents a more compelling instance to find unavailability than partial lack of recall, as was the factual situation in *Graves. Von Smith,* 303 Pa.Super. at 540, 450 A.2d at 58.

In *Commonwealth v. Sherman,* 339 Pa.Super. 138, 488 A.2d 348 (1985) the former testimony was given at a preliminary hearing, where the victim made a positive identification of the Appellant as the man who shot him. Apparently, between the time of the preliminary hearing and the time of trial, the victim received several threats against his life. At trial, he recalled that the Appellant was present when he was shot, but he testified that he had forgotten whether or not the Appellant had a gun. The trial court permitted the admission of the witness's testimony at the

preliminary hearing to be read to the jury, and this Court affirmed, finding this to be a case of unavailability due to partial memory loss governed by *Graves. Commonwealth v. Sherman,* 339 Pa.Super. at 143, 488 A.2d at 450.

Finally, we have the case of *Commonwealth v. Jones,* 344 Pa.Super. 420, 496 A.2d 1177 (1985). Here again, a witness testified at trial that he had no recollection of his testimony at the preliminary hearing. The witness was found unavailable and his former testimony was admitted. The *Jones* court held that when a witness had testified under oath at a preliminary hearing and had been cross-examined by the defendant's counsel, such testimony is admissible where a witness claims no memory of his former testimony at trial. *Jones,* 344 Pa.Super. at 431, 496 A.2d at 1192.

In each of these four cases, *Graves, Von Smith, Sherman* and *Jones,* a witness gave sworn testimony, subject to cross examination by the defendant, and when called upon to testify at a subsequent trial, claimed to be unable to recall the former testimony.[1] The witnesses were found to be unavailable due to memory loss and their former testimony was admitted into evidence. The witnesses testified at the subsequent trial and were available for cross-examination as to the extent of their memory loss.

■ The Appellant argues that the instant case differs from *Graves* and its progeny, because Lydia Trapp was actually recanting her former testimony when she said she had no memory of what happened the night of the crime. He argues that the case is governed by *Commonwealth v. Turner,* 389 Pa. 239, 133 A.2d 187 (1957), which holds that when a witness recants, his former testimony may not be read to the jury. Having carefully reviewed the record, we cannot say that this was a recantation as occurred in *Turner.* Here the witness repeatedly stated that she could

1. In these cases governed by the *Graves* rule, the witnesses have lost recall of some or all of their previous testimony. They have not lost memory of all past events, as might a victim of amnesia or senility, which would be a fact situation controlled by *Rothrock v. Gallaher,* 91 Pa. 108 (1879).

not remember much that happened on the night of the crime. She did not state, as did the witness in *Turner*, that she had given false testimony during the first trial. We find that in this case the trial court was correct in finding Lydia Trapp unavailable due to memory loss.

■ Where we find that there was trial error, however, is in that Lydia Trapp was not called to testify at the second trial. *Graves* teaches us that a witness who is unavailable due to partial memory loss must be called upon to testify as to the extent of his or her present memory at the subsequent trial and be available for cross-examination by the defendant. This preserves a defendant's sixth amendment right to confront witnesses against him. In a case such as we have before us, a witness has, in effect, provided two different versions of her observation of the events in question: the earlier version was incriminating; the second was vague. The jury must be allowed to hear both versions, weigh the conflicting evidence and reach its verdict accordingly.

■ A case such as this one is controlled by *Commonwealth v. Graves*. A witness who claims loss of memory is unavailable for purposes of the common law exception to the hearsay rule, and his or her former testimony is admissible, provided the defendant had an opportunity to cross examine the witness at the earlier proceeding. The witness's present testimony should also be admitted. As the Supreme Court noted in *Graves:*

> ... This approach has the value of fairness to both parties in that the necessary testimony is admitted with the opponent being permitted to cross-examine the witness both as to his asserted lack of memory as well as to his present memory.

*Graves*, 484 Pa. at 38, 398 A.2d at 649.

■ When a witness has been declared unavailable due to memory loss the jury must be given an opportunity to perform its function of weighing credibility. The forgetful witness must be called to the stand for the jury to evaluate his or her present testimony.

■ However, the issue of presenting former testimony without the witness being made available to testify has not been preserved for our review. The Appellant's counsel objected vigorously to Lydia Trapp's first trial testimony being read to the jury during the second trial; once the trial judge ruled that it was admissible, there was no request that Ms. Trapp be put on the stand. Furthermore, this issue was not raised in post trial motions or on appeal. We therefore find it has been waived.

■ Mr. Hook's second allegation of error is that his sentence is excessive. Mr. Hook was sentenced to 2½ to 5 years for voluntary manslaughter, and to a concurrent term of 1 to 2 years for possession of an instrument of a crime. Mr. Hook acknowledges that his sentence is within the Sentencing Guidelines but claims that it was excessive because the trial judge did not take into consideration the particular facts of the crime or the particular facts of Mr. Hook's life.

The transcript of the sentencing hearing shows this claim to be completely without merit. The trial judge knew Mr. Hook well and was familiar with the circumstances of the crime. She set forth the reasons for her sentence clearly. We find no abuse of discretion.

Judgment of sentence affirmed.