J-S58010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM VON SMITH, | |
| Appellant | No. 1667 MDA 2015 |

Appeal from the PCRA Order August 27, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at Nos.: 1086 MD 2015
1259 CD 1972
1260 CD 1972
CP-22-MD-0001261-1972

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED OCTOBER 20, 2016**

Appellant, William Von Smith, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On September 22, 2016, we filed a judgment order in this matter reversing and remanding this case to the trial court because it appeared from the record that Appellant's PCRA petition was his first.  After our judgment order was filed, we received a letter from the trial court asking for reconsideration because the docket in this matter was not complete.  The trial court explained that there were at least twenty documents which were not provided to this Court, and which would have been relevant to the instant appeal.  Several of these new materials are now included in a supplemental record.  They demonstrate that Appellant has filed at least three petitions seeking post-conviction relief, and at least one of them was counseled.
*(Footnote Continued Next Page)*

We take the factual and procedural history in this matter from the trial court's July 17, 2015 opinion and our review of the certified record.[2]  On March 17, 1980, after his second[3] jury trial, Appellant was convicted of murder and aggravated robbery.  The trial court sentenced Appellant to a term of life imprisonment.  On August 27, 1982, this Court affirmed Appellant's sentence.  (*See Commonwealth v. Von Smith*, 450 A.2d 55, 58 (Pa. Super. 1982)).  Appellant did not seek allowance of appeal with our Supreme Court.

On October 9, 2014, Appellant filed the instant *pro se* PCRA petition.  On July 17, 2015, the PCRA court entered a memorandum opinion explaining that Appellant was not entitled to post conviction collateral relief, and issuing notice of its intent to dismiss Appellant's petition without a hearing.  *See* Pa.R.Crim.P. 907(1).  Appellant filed a response on July 30, 2015.  On August 27, 2015, the PCRA court dismissed Appellant's petition as untimely.  On September 21, 2015, Appellant filed a timely notice of appeal, together

---

*(Footnote Continued)* ————————

(*See* Motion for Post Conviction Collateral Relief, 12/30/94, at 4-5).  On that basis we withdraw our judgment order and submit this memorandum.

[2] As the trial court noted, this case is over forty years old and there is limited docket information available.  (*See* Trial Court Opinion, 7/17/15, at 1 n.1).

[3] Appellant was granted a second trial after successfully arguing that counsel during his first trial was ineffective for failing to file a timely motion for severance. (*See Commonwealth v. Von Smith*, 406 A.2d 1034, 1036 (Pa. 1979)).

with a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

On November 24, 2015, the PCRA court filed a statement in lieu of a Rule

1925(a) opinion, referring to the reasoning set forth in its July 17, 2015

opinion. *See* Pa.R.A.P. 1925(a).

Appellant raises two questions on appeal:

1.    Did the PCRA court err in dismissing Appellant's PCRA [p]etition when the Appelant [sic] alleged his fifth and fourteenth Amendment Rights were violated when the Assistant District Attoney [sic] witheld [sic] exculpatory and impeaching evidence?

2.    Did the P[]CRA court err in dismissing Appellant's PCRA [p]etition when Appellant alleeged [sic] his Six [sic] Amendment right to effective assistance of councel [sic] was violated when both trial [] lawyers fail [sic] to use[ ]due diligence to obtain excalpatory [sic] and [] impeaching evidence[]?

(Appellant's Brief, at 4).

Appellant appeals from the denial of his serial PCRA petition.  To be

eligible for relief pursuant to the PCRA, Appellant must establish that his

conviction or sentence resulted from one or more of the enumerated errors

or defects found in 42 Pa.C.S.A. § 9543(a)(2).  Our standard of review for

an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations

and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a

- 3 -

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

In this case, Appellant's judgment of sentence became final on September 26, 1982, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. ***See*** Pa.R.A.P. 903(a); Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year from that date to file a petition for collateral relief, specifically, until September 26, 1983. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on October 9, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See id.*** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.***

- 4 -

"If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). Our Supreme Court "has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Here, Appellant has claimed the applicability of the newly discovered fact exception to the PCRA time-bar. (*See* Appellant's Brief, at 7); 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, he argues that his sister's discovery of an affidavit from Kevin Borter—who claimed to have heard Alfred Patterson, a witness against Appellant, offer Appellant a bribe to take the blame for murder—is a newly discovered fact. We disagree.

"[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (emphases and citation omitted).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned

- 5 -

those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011) (citations omitted).

Exception (b)(1)(ii) requires petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of due diligence. The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citations and some quotation marks omitted).

Here, it is self-evident that the fact that Mr. Patterson allegedly offered Appellant a bribe to take the blame for murder was not **unknown** to Appellant, who was the recipient of the offered bribe. ***See id.*** Furthermore, Appellant has not met his burden of proving that he could not have obtained the affidavit earlier by exercising due diligence, where his sister obtained it in a public records search. ***See Monaco***, ***supra*** at 1080.

Hence, Appellant has failed to meet his burden of pleading and proving the applicability of an exception to the PCRA time-bar. ***See Hawkins***, ***supra*** at 1253; ***Jackson***, ***supra*** at 519. Therefore, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis that it lacked jurisdiction. ***See Hutchins***, ***supra*** at 53.

Order affirmed.  Judgment order filed September 22, 2016 withdrawn.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2016