2024 PA Super 176

| | | |
|---|---|---|
| JORDAN WALKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD WALKER | : | |
| | : | |
| Appellant | : | No. 787 WDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2023
In the Court of Common Pleas of Crawford County Civil Division at No(s):
AD 2023-75

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED: August 9, 2024**

Appellant Chad Walker appeals from the June 15, 2023 judgment of sentence entered by the Crawford County Court of Common Pleas following his conviction of Indirect Criminal Contempt ("ICC") for violating a protection from abuse ("PFA") order, which barred him from contacting his ex-wife, Appellee Jordan Walker. Appellant challenges the admission of text messages and emails, claiming that Appellee failed to authenticate the digital evidence. Appellant's counsel filed an **Anders**[1] Brief and a petition to withdraw as counsel. After careful review, we grant Appellant's counsel's petition to withdraw and affirm the judgment of sentence.

The following is the relevant factual and procedural history. On February 22, 2023, the trial court entered a PFA order prohibiting Appellant from contacting Appellee except through "AppClose or another agreed upon

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

co-parenting program" regarding issues relating to their then-three-year-old daughter.  PFA Order, 2/22/23.

On April 25, 2023, Appellee filed her first petition for ICC, asserting that Appellant contacted her in violation of the February 2023 PFA Order.  Based upon the parties' agreement in which Appellant admitted to violating the February 2023 PFA Order, the court adjudicated Appellant guilty of ICC but did not impose any penalty.  Order, 5/12/23.  The court entered an amended PFA order barring all contact and extending the expiration date to May 11, 2026.  PFA Order, 5/11/23.

On June 5, 2023, Appellee filed a second ICC petition, asserting that Appellant violated the May 2023 PFA Order by sending text messages and emails.  On June 7, 2023, Appellee filed a third ICC petition, claiming that Appellant had contacted her after receiving service of the June 5th ICC petition.

On June 15, 2023, the court held a hearing to address the ICC petitions, at which Appellee testified regarding the text messages and emails.  Appellant objected to the admission of the screenshots of the text messages and printed copies of the emails, asserting that Appellee failed to authenticate the digital evidence, which Appellant denied writing.  The court overruled Appellant's objections, finding that Appellee's testimony sufficiently authenticated the evidence.

On the same day, the court found Appellant guilty and sentenced him on both ICC petitions.  In regard to the June 5th petition, the court imposed a fine of $300 and 6 months of probation with restrictive conditions, requiring

"the first 30 days to be served in the Crawford County Correctional Facility to be followed by 60 days on house arrest/electronic home monitoring with the remaining portion of the sentence to be served on probation supervision." Order, 6/15/23. On the June 7th petition, the court imposed a fine of $300 and a sentence of 6 months of probation to be served consecutively to the sentence imposed for the June 5th petition.

On June 28, 2023, Appellant filed a timely notice of appeal. Subsequently, Appellant and the trial court complied with Pa.R.A.P. 1925.

In the **Anders** Brief, Appellant's counsel, J. Wesley Rowden ("Counsel"), raises the following question before this Court:

> Did the [c]ourt abuse its discretion in [a]dmitting accounts of [s]ocial [m]edia upon the testimony of the purported victim?

**Anders** Brief at 4. Counsel additionally filed a petition to withdraw as counsel, to which Appellant has not responded.

**A.**

Initially, we address Counsel's petition to withdraw, as we "may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). The Supreme Court requires counsel to satisfy the following requirements before a court will grant withdrawal; counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide the defendant with the requisite notice of his intent to withdraw by "furnish[ing] a copy of the brief to [the] defendant and advise him of his right to retain new counsel, proceed pro se[,] or raise any additional points that he deems worthy of the court's attention." ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005) (citation omitted).

We conclude that Counsel has satisfied the relevant criteria by setting forth the facts and procedural history, as well as Appellant's claim, and explaining Counsel's reasons for concluding that the appeal is "frivolous[.]" ***Anders*** Brief at 6. Accordingly, we proceed to consider the merits of the issue raised by Appellant's Counsel and conduct "a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5 (citation omitted).

**B.**

As Appellant challenges the admission of evidence, we reiterate "that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law." ***Commonwealth v. Jackson***, 283 A.3d 814, 817 (Pa. Super. 2022) (citation omitted). "An abuse of discretion is not merely an error of judgment," rather a court abuses its discretion when "the law is overridden or misapplied, or the

judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" **Id.** (citation omitted).

Appellant's challenge involves the authentication of evidence, which is governed by Pa.R.E. 901. Rule 901 requires a proponent of "an item of evidence" to authenticate it by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). In 2020, the Pennsylvania Supreme Court amended Rule 901 to address the authentication of digital evidence, including text messages and emails. as follows:

> (b) Examples. The following are examples only--not a complete list--of evidence that satisfies the [authentication] requirement:
>
> * * * *
>
> (11) Digital Evidence. To connect digital evidence with a person or entity:
>
>> (A) direct evidence such as testimony of a person with personal knowledge; or
>>
>> (B) circumstantial evidence such as:
>>
>>> **(i) identifying content**; or
>>>
>>> (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11)(B) (emphasis added). The comments to the Rule explain that "[t]he proponent of digital evidence is not required to prove that no one else could be the author. Rather, the proponent must produce sufficient evidence to support a finding that a particular person or entity was the

- 5 -

author." ***Id.*** cmt. Authentication may be established through circumstantial evidence including "self-identification or other distinctive characteristics, including a display of knowledge only possessed by the author." ***Id.*** Moreover, as we have previously stated, "authentication requires a low burden of proof[.]" ***Jackson***, 283 A.3d at 818.

## C.

Appellant contends that the trial court erred in admitting the text messages and emails allegedly sent by Appellant to Appellee in violation of the PFA. ***Anders*** Brief at 7. At the hearing, Counsel claimed that the 2020 amendments to Rule 901 altered the authentication requirement for digital evidence to require production of "the actual text message from the provider of the service[,]" rather than allowing authentication through "just circumstantial evidence[.]" N.T., 6/15/23, at 6, 10-11.[2]

The trial court rejected this claim. The court recognized that a proponent of evidence could satisfy Pa.R.E. 901(b)(11)(B)(i) solely by presenting "identifying content," without having to prove the requirements of subsection (B)(ii), which Appellant seemed to be referencing, which requires "proof of ownership, possession, control, or access to a device or account." Trial Ct. Op. at 3-4.

Applying Rule 901(b)(11)(B)(i), the court found that the emails and text messages included "identifying content." Regarding the text messages, the

---

[2] In the ***Anders*** Brief, Counsel acknowledges that "the trial court correctly applied the law." ***Id.*** at 7.

court observed that Appellee testified that the sender identified himself by the nickname she had called him during their marriage and referenced the PFA by stating that he would say the same things to her "some day in person if [she] would allow [him]." *Id.* at 3  Addressing the emails, the court noted that the emails mentioned their daughter, Appellant's drug and alcohol problems, and the effect they had on the marriage.  Appellee also testified that she recognized Appellant's "writing style in the emails." *Id.*  The court observed that Appellee had not been married to, had children with, or filed a PFA against anyone other than Appellant.  Thus, the court found that Appellee's testimony provided "sufficient identifying content to satisfy authentication pursuant to [Rule 901(b)(11)(B)(i)]." *Id.*

We agree that Appellee's testimony provided sufficient identifying content to authenticate the text messages and emails pursuant to Rule 901(b)(11)(B)(i).  Accordingly, we conclude that the trial court did not abuse its discretion in allowing the admission of the evidence.  Moreover, after conducting an independent review, we found no non-frivolous appellate issues.  Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/09/2024